J-S53038-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JUSTIN RAY MILLER, | |
| Appellant | No. 615 WDA 2014 |

Appeal from the PCRA Order March 21, 2014
in the Court of Common Pleas of Fayette County
Criminal Division at No.: CP-26-CR-0000928-2011

BEFORE:  DONOHUE, J., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED SEPTEMBER 29, 2014**

Appellant, Justin Ray Miller, appeals from the order of March 21, 2014, which denied his amended counseled petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We vacate and remand.

On November 8, 2012, a jury found Appellant guilty of burglary, criminal trespass, and theft by unlawful taking.[1]  On November 20, 2012, Appellant filed a *pro se* motion to dismiss counsel for ineffectiveness.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3502(a), 3503(a)(1)(ii), and 3921(a), respectively.

On December 6, 2012, the court sentenced Appellant to a term of not less than eighteen nor more than thirty-six months' imprisonment. The Public Defender's Office represented Appellant at trial and sentencing.[2]

Appellant, although still represented by the Public Defender's Office, filed an otherwise timely *pro se* direct appeal on December 14, 2012 in violation of the prohibition of hybrid representation. **See Commonwealth v. Jette**, 23 A.3d 1032, 1035-44 (Pa. 2011); **Commonwealth v. Ellis**, 626 A.2d 1137, 1039-41 (Pa. 1993). On February 25, 2013, this Court dismissed Appellant's appeal for failing to file a docketing statement pursuant to Pa.R.A.P. 3517. Appellant did not petition the Pennsylvania Supreme Court for allowance of appeal.

On November 14, 2013, Appellant timely filed a *pro se* PCRA petition. The PCRA court appointed Attorney James V. Natale to represent Appellant, and counsel filed an amended PCRA petition on January 3, 2014. The court scheduled a hearing for March 18, 2014. (PCRA Court Order, 1/09/14). However, the PCRA court then ordered that "at the time set for hearing, the Superior Court having denied the [Appellant's] [a]ppeal on February 25, 2013, the request of the [Appellant] to appeal the case *nunc pro tunc* is **DENIED**." (PCRA Court Order, Dated 3/18/14 and Filed 3/21/14). There is

---

[2] The record indicates that Attorney Jeffrey W. Whiteko represented Appellant through the trial and Attorney Benjamin F. Goodwin represented him at the sentencing hearing.

no indication in the record that the March 18, 2014 hearing occurred. On April 16, 2014, Appellant again filed a prohibited *pro se* but otherwise timely appeal. *See Jette*, *supra* at 1035-44; *Ellis*, *supra* at 1039-41. Nevertheless, since counsel filed a statement of errors and a brief, we will review counsel's statement of errors and brief. Pursuant to the PCRA court's order, Appellant filed a counseled Rule 1925(b) statement on May 6, 2014. The court entered its Rule 1925(a) statement in lieu of an opinion dated May 23, 2014 and filed on May 27, 2014.[3]

Appellant, through counsel, raises the following issue for our review:

> Whether the [PCRA] court erred in dismissing Appellant's PCRA petition without [a] hearing when Appellant's legal counsel, Benjamin F. Goodwin, Esq. in his capacity as a public defender, was ineffective for failing to file an appeal of Appellant's judgment of sentence despite Appellant instructing him to file such an appeal[?]

(Appellant's Brief, at 3).

Our standard of review is well-settled:

> When reviewing the propriety of an order granting or denying PCRA relief, this Court is limited to determining whether the evidence of record supports the determination of the PCRA court and whether the ruling is free of legal error. Great deference is granted to the findings of the PCRA court, and these

---

[3] That statement reads in the pertinent portion, "[f]inding that we have previously addressed all issues, we will rely on our Order entered on March 21, 2014, denying the relief sought." The Order entered on March 21, 2014, denied Appellant's request to file an appeal from the judgment of sentence *nunc pro tunc* on the basis that we had dismissed Appellant's *pro se* appeal for failure to file a docketing statement.

findings will not be disturbed unless they have no support in the certified record.

***Commonwealth v. Rachak***, 62 A.3d 389, 391 (Pa. Super. 2012), *appeal denied*, 67 A.3d 796 (Pa. 2013) (citations omitted).

It is well-settled that matters that are not of record cannot be considered on appeal. "[A]ny document which is not part of the officially certified record is deemed non-existent . . . [and] [t]his Court cannot meaningfully review claims raised on appeal unless we are provided with a full and complete certified record." ***Commonwealth v. Preston***, 904 A.2d 1, 6-7 (Pa. Super. 2006) (citations omitted), *appeal denied*, 916 A.2d 632 (Pa. 2007).

A PCRA petitioner is not entitled to a hearing unless the petition presents genuine issues of material fact and an order denying a petition without a hearing will not be reversed absent a finding of an abuse of discretion. ***See Commonwealth v. McLaurin***, 45 A.3d 1131, 1135-36 (Pa. Super. 2012), *appeal denied*, 65 A.3d 412 (Pa. 2013). Pennsylvania Rule of Criminal Procedure 907 provides:

> (1) The judge shall promptly review the petition, any answer by the attorney for the Commonwealth, and other matters of record relating to the defendant's claim(s). If the judge is satisfied from this review that there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings, the judge shall give notice to the parties of the intention to dismiss the petition and shall state in the notice the reasons for the dismissal. The defendant may respond to the proposed dismissal within 20 days of the date of the notice. The judge thereafter shall order the petition

dismissed, grant leave to file an amended petition, or direct that the proceedings continue.

\* \* \*

(4) When the petition is dismissed without a hearing, the judge promptly shall issue an order to that effect and shall advise the defendant by certified mail, return receipt requested, of the right to appeal from the final order disposing of the petition and of the time limits within which the appeal must be filed. The order shall be filed and served as provided in Rule 114.

Pa.R.Crim.P. 907.

Here, Appellant claims that he received ineffective assistance of counsel from counsel's failure to file an appeal of his judgment of sentence. (**See** Appellant's Brief, at 6). Before we may review Appellant's claim of ineffectiveness of counsel, we must determine whether he was entitled to a hearing. **See McLaurin**, **supra** at 1135-36.

The record is devoid of any indication that the court issued a Rule 907 notice. However, Appellant has not challenged that action on appeal and "[t]he failure to challenge the absence of a Rule 907 notice constitutes waiver." **Commonwealth v. Taylor**, 65 A.3d 462, 468 (Pa. Super. 2013) (citations omitted).

Counsel is presumed effective, and an appellant bears the burden to prove otherwise. **See Commonwealth v. Bennett**, 57 A.3d 1185, 1195 (Pa. 2012). An appellant must demonstrate that: (1) his underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his action or inaction; and (3) the appellant suffered actual prejudice as a

result. *See Commonwealth v. Pierce*, 527 A.2d 973, 975 (Pa. 1987). However, where as here the claim is counsel's failure to file a direct appeal, Pennsylvania utilizes a *per se* ineffectiveness test rather than the *Pierce* test. *See Commonwealth v. Lantzy*, 736 A.2d 564, 571 (Pa. 1999).

To avoid a finding of waiver, an appellant must establish that he "requested [counsel to file] an appeal and that counsel disregarded the request." *Commonwealth v. Hudson*, 485 A.2d 487, 489 (Pa. Super. 1984). A PCRA court must hold a hearing to determine "whether [an] [a]ppellant requested that counsel so appeal. If it is determined that this request was made and counsel failed to comply, [an] [a]ppellant's rights must be reinstated." *See Commonwealth v. Daniels*, 737 A.2d 303, 305 (Pa. Super. 1999). However, "[a] PCRA court may decline to hold a hearing if the petitioner's claim is patently frivolous and is without a trace of support in either the record or from other evidence." *See Commonwealth v. Jordan*, 772 A.2d 1011, 1014 (Pa. Super. 2001).

In his brief, Appellant admits that he "initially signed a form stating that he did not wish to appeal his conviction and judgment of sentence[.]" (Appellant's Brief, at 9). Nevertheless, he further claims that he subsequently wrote to the Public Defender's Office requesting that they file an appeal on his behalf. (*See id.*). He provides no details or support.

A "[m]ere allegation will not suffice; the burden is on [an] [a]ppellant to plead and prove that his request for an appeal was ignored or rejected by trial counsel." *Commonwealth v. Harmon*, 738 A.2d 1023, 1024 (Pa.

- 6 -

Super. 1999), *appeal denied*, 753 A.2d 815 (Pa. 2000) (citations omitted). An appellant "must present the facts supporting each issue asserted . . . and if they do not appear on the record . . . must identify affidavits, documents or other evidence proving the alleged facts." ***Commonwealth v. Collins***, 687 A.2d 1112, 1115 (Pa. 1996) (citation omitted).

However, "the PCRA court did not make -- in fact, could not make -- any factual findings . . . because it [denied] Appellant's PCRA petition without first holding an evidentiary hearing[.]" ***Commonwealth v. Carter***, 21 A.3d 680, 684 (Pa. Super. 2013), *appeal after remand*, 64 A.3d 273 (Pa. Super. 2013), *appeal denied*, 72 A.3d 600 (Pa. 2013). Therefore, "the record is insufficient to permit appellate review of Appellant's claim that trial counsel failed to" file his requested direct appeal. ***Id.***

The PCRA court erred in denying Appellant's PCRA petition without a hearing. ***See id***. Accordingly, we vacate the order denying Appellant's PCRA petition and remand for a hearing consistent with this decision.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/29/2014

- 7 -