J-S20045-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JUSTIN RAY MILLER | |
| Appellant | No. 2056 WDA 2014 |

Appeal from the PCRA Order of November 24, 2014
In the Court of Common Pleas of Fayette County
Criminal Division at No.: CP-56-CR-0000928-2011

BEFORE: FORD ELLIOTT, P.J.E., SHOGAN, J., and WECHT, J.

MEMORANDUM BY WECHT, J.: **FILED MAY 05, 2015**

Justin Ray Miller appeals the November 24, 2014 order denying his petition for relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46. We affirm.

In a previous memorandum, we set forth the factual and procedural history of this case as follows:

> On November 8, 2012, a jury found [Miller] guilty of burglary, criminal trespass, and theft by unlawful taking.[1] On November 20, 2012, [Miller] filed a *pro se* motion to dismiss counsel for ineffectiveness. On December 6, 2012, the court sentenced [Miller] to a term of not less than eighteen nor more than thirty-six months' imprisonment. The Public Defender's Office represented [Miller] at trial and sentencing.[2]
>
> [2] The record indicates that Attorney Jeffery W. Whiteko represented [Miller] through the trial and Attorney

---

[1] 18 Pa.C.S. §§ 3502(a), 3503(a)(1)(ii), and 3921(a), respectively.

Benjamin F. Goodwin represented him at the sentencing hearing.

[Miller], although still represented by the Public Defender's Office, filed an otherwise timely *pro se* direct appeal on December 14, 2012 in violation of the prohibition of hybrid representation. **See Commonwealth v. Jette**, 23 A.3d 1032, 1035-44 (Pa. 2011); **Commonwealth v. Ellis**, 626 A.2d 1137, 1039-41 (Pa. 1993). On February 25, 2013, this Court dismissed [Miller's] appeal for failing to file a docketing statement pursuant to Pa.R.A.P. 3517.[3] [Miller] did not petition the Pennsylvania Supreme Court for allowance of appeal.

On November 14, 2013, [Miller] timely filed a *pro se* PCRA petition. [Therein, Miller claimed ineffective assistance of counsel due to counsel's failure to file a direct appeal and sentencing errors.] The PCRA court appointed Attorney James V. Natale to represent [Miller], and counsel filed an amended PCRA petition on January 3, 2014. The court scheduled a hearing for March 18, 2014. (PCRA Court Order, 1/09/14). However, the PCRA court then ordered that "at the time set for hearing, the Superior Court having denied [Miller's] [a]ppeal on February 25, 2013, the request of [Miller] to appeal the case *nunc pro tunc* is **DENIED**." (PCRA Court Order, Dated 3/18/14 and Filed 3/21/14). There is no indication in the record that the March 18, 2014 hearing occurred. On April 16, 2014, [Miller] again filed a prohibited *pro se* but otherwise timely appeal. **See Jette**, **supra** at 1035-44; **Ellis**, **supra** at 1039-41.

---

[3] Pa.R.A.P. § 3517 provides as follows:

Whenever a notice of appeal to the Superior Court is filed, the Prothonotary shall send a docketing statement form which shall be completed and returned within ten (10) days in order that the Court shall be able to more efficiently and expeditiously administer the scheduling of argument and submission of cases on appeal. Failure to file a docketing statement may result in dismissal of the appeal.

Pa.R.A.P. § 3517

- 2 -

> Nevertheless, since counsel filed a statement of errors and a brief, [this Court reviewed] counsel's statement of errors and brief. Pursuant to the PCRA court's order, [Miller] filed a counseled [Pa.R.A.P.] 1925(b) statement on May 6, 2014. The court entered its [Pa.R.A.P.] 1925(a) statement in lieu of an opinion dated May 23, 2014 and filed on May 27, 2014.

*Commonwealth v. Miller*, 615 WDA 2014, slip op. at 1-3 (Pa. Super. Sept. 29, 2014) (emphasis in original) (some footnotes omitted).

On September 29, 2014, this Court vacated the order denying Miller's PCRA petition without hearing, and remanded for a hearing. *Id.* at 7. On November 24, 2014, the PCRA court held a hearing on Miller's PCRA petition. Assistant Public Defender Benjamin Goodwin ("Goodwin"), Miller's counsel at sentencing, testified. Following Miller's sentencing on December 6, 2012, Goodwin asked Miller if he wanted to appeal his sentence, and Miller declined and executed a rejection of appeal form. Notes of Testimony ("N.T."), 11/24/2014, at 3-5. Miller admitted to signing the rejection of appeal form. *Id.* at 17. Goodwin also testified that neither he nor the Public Defender's Office had any subsequent conversations or correspondence with Miller after that date. *Id.* at 6. Miller then testified that he mailed a letter to Goodwin's office on December 7, 2012, requesting that an appeal be filed in his case. *Id.* at 14-17. A copy of the letter was admitted into evidence. *Id.* at 16. Goodwin denied ever receiving the letter, *id.* at 11, and Miller failed to offer any evidence to prove that Goodwin had received Miller's letter requesting an appeal. The PCRA court ultimately denied Miller's PCRA petition, finding that "Attorney Goodwin was a credible witness," and that Miller had signed

"a [r]ejection of [a]ppeal, that [Miller] himself filed an appeal *pro se* on December 14, 2012, that appeal having been denied by [this Court] for violations of Pennsylvania Rules of Appellate Procedure 3517 on February 25, 2013." ***Id.*** at 25.

On December 11, 2014, Miller timely filed a notice of appeal and a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On January 26, 2015, the PCRA court filed a statement in lieu of an opinion pursuant to Pa.R.A.P. 1925(a).

Miller raises one issue for our review:

Whether [Miller's] legal counsel, Benjamin F. Goodwin, Esq. in his capacity as a public defender, was ineffective for failing to file an appeal of [Miller's] judgment of sentence when [Miller] at his PCRA hearing admitted into evidence a letter dated December 7, 2012 instructing Attorney Goodwin to file an appeal in his case[?]

Brief for Miller at 3.

The "standard of review for an order denying post-conviction relief is limited to whether the record supports the post-conviction court's determination, and whether that decision is free of legal error." ***Commonwealth v. Allen***, 732 A.2d 582, 586 (Pa. 1999). The PCRA court's findings "will not be disturbed unless there is no support for the findings in the certified record." ***Commonwealth v. Johnson***, 945 A.2d 185, 188 (Pa. Super. 2008). "Where . . . there is record support for a PCRA court's credibility determinations, we, as a reviewing court, are bound by those

- 4 -

determinations." ***Commonwealth v. Abu-Jamal***, 720 A.2d 79, 93 (Pa. 1998) (citation omitted).

Herein, Miller alleges, as he did in his timely PCRA petition, that counsel was ineffective due to the failure to file an appeal of Miller's judgment of sentence. Brief for Miller at 7. We disagree.

Counsel is presumed effective, and an appellant bears the burden to prove otherwise. ***See Commonwealth v. Bennett***, 57 A.3d 1185, 1195 (Pa. 2012). An appellant must demonstrate that: (1) his underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his action or inaction; and (3) the appellant suffered actual prejudice as a result. ***See Commonwealth v. Pierce***, 527 A.2d 973, 975 (Pa. 1987). Where, as in the instant case, the claim is counsel's failure to file a direct appeal, Pennsylvania utilizes a *per se* ineffectiveness test, ***Commonwealth v. Lantzy***, 736 A.2d 564, 571 (Pa. 1999) ("a failure to file or perfect [a direct] appeal results in a denial so fundamental as to constitute prejudice *per se*"), so long as an appellant establishes that he "requested [counsel to file] an appeal and that counsel disregarded the request." ***Commonwealth v. Hudson***, 485 A.2d 487, 489 (Pa. Super. 1984).

In addition, the PCRA court must hold a hearing to determine "whether [an] [a]ppellant requested that counsel so appeal. If it is determined that this request was made and counsel failed to comply, [an] [a]ppellant's rights must be reinstated." ***Commonwealth v. Daniels***, 737 A.2d 303, 305 (Pa. Super. 1999). However, a "[m]ere allegation will not suffice; the burden is

on [an] [a]ppellant to plead and prove that his request for an appeal was ignored or rejected by trial counsel." ***Commonwealth v. Harmon***, 738 A.2d 1023, 1024 (Pa. Super. 1998) (citations omitted). Furthermore, an appellant "must present the facts supporting each issue asserted . . . and if they do not appear on the record . . . must identify affidavits, documents, or other evidence proving the alleged facts." ***Commonwealth v. Collins***, 687 A.2d 1112, 1115 (Pa. 1996) (citation omitted).

In his brief, Miller concedes that, following his sentencing on December 6, 2012, he "signed a form stating that he did not wish to appeal his conviction and judgment of sentence." Brief for Miller at 10. Despite signing the rejection of appeal form, Miller nonetheless claims that he sent a letter to Goodwin the following day, requesting that Goodwin file an appeal on his behalf. N.T. at 16. Goodwin maintains that he never received the letter at the Public Defender's Office or at his home office, and never received any other correspondence indicating that Miller wanted Goodwin to appeal his judgment of sentence. ***Id.*** at 11. In addition, Miller admits that he did not know the address where he sent the letter, that he did not send the letter to the Public Defender's Office, and that he did not receive any certification or correspondence indicating that Goodwin received the letter. ***Id.*** at 15-17.

Based upon the testimony presented at the PCRA hearing, the PCRA court determined that Goodwin was a credible witness, and therefore found Miller's claim that he sent a letter to Goodwin requesting an appeal to be unconvincing. Consequently, the PCRA court denied Miller's PCRA petition.

Credibility determinations made by the PCRA court are binding upon this Court so long as there is support for the conclusions in the record. *Abu-Jamal*, 720 A.2d at 93. There is ample support in the record for the PCRA court's credibility determinations because Miller failed to produce any evidence to establish that he sent the letter to Goodwin requesting appeal, or that Goodwin ever received the letter. Therefore, the record supports the PCRA court's finding that Goodwin was credible, and that Miller did not request an appeal. Because his underlying claim lacks merit, Miller's claim of ineffective assistance of counsel is meritless.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/5/2015