**COMMONWEALTH of Pennsylvania,**
**Appellee,**

v.

**Shawn L. DANIELS, Appellant.**

Superior Court of Pennsylvania.

Submitted June 1, 1999.

Filed Aug. 24, 1999.

Robert A. Crisanti, Pittsburgh, for appellant.

Robert A. Willig, Asst. Dist. Atty., Pittsburgh, for Commonwealth, Appellee.

Before KELLY, JOYCE, and OLSZEWSKI, JJ.

JOYCE, J.:

¶ 1 Appellant, Shawn L. Daniels, appeals from the order of the trial court denying his request for collateral relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–9546.  For the reasons

set forth below, we reverse and remand for further proceedings. The relevant facts and procedural history of this case are as follows.

¶ 2 Appellant was charged with burglary,[1] theft by unlawful taking or disposition[2] and receiving stolen property.[3] Following the November 8, 1990 non-jury trial, Appellant was found guilty of the above-named offenses. On January 10, 1991, the trial court sentenced Appellant to an aggregate of one and one-half (1½) to ten (10) years' imprisonment. Appellant did not file a direct appeal, however he filed a motion to reconsider which was denied on February 2, 1993.

¶ 3 On February 1, 1996, Appellant filed a *pro se* petition for PCRA relief. The trial court appointed counsel, who filed an amended PCRA petition on October 28, 1996. Subsequently, counsel was granted leave to withdraw on March 25, 1998. The trial court appointed new counsel; however, the court dismissed the PCRA petition without a hearing on October 28, 1998. This timely appeal followed.

¶ 4 The sole issue raised for our review is whether trial counsel was ineffective for failing to file a direct appeal. In *Commonwealth v. Lantzy*, —— Pa. ——, 736 A.2d 564, 1999 Pa.LEXIS 1902 (1999) our Supreme Court set forth a detailed history of the cases discussing the PCRA provisions as they pertain to the failure of counsel to file a direct appeal. Relevantly, the Court, citing to our majority decision in *Commonwealth v. Lantzy*, 712 A.2d 288 (Pa.Super.1998), *rev'd*, —— Pa. ——, 736 A.2d 564, 1999 Pa.LEXIS 1902 (1999), stated:

> [P]ost-conviction relief was traditionally available to a petitioner who established that his counsel was ineffective for failing to file a direct appeal as requested. The majority found, however, that such relief was statutorily implicated only pursuant to the terms of former Section

9543(a)(2)(v), which provided petitioners with relief where their judgments of sentence resulted from a violation of the United States Constitution or federal law which would require the granting of federal habeas corpus relief. From the repeal of former Section 9543(a)(2)(v), which occurred in connection with the 1995 amendments to the PCRA, the majority inferred that the General Assembly intended to narrow the availability of post-conviction relief in conformity with the act's express purpose, namely, the provision of relief to persons who are innocent or are serving illegal sentences.

Subsequent to the elimination of Section 9543(a)(2)(v), the majority found, the claim of a petitioner in Lantzy's circumstance must be assessed under Section 9543(a)(2)(ii) of the PCRA, which provides relief where a petitioner pleads and proves by a preponderance of the evidence that his conviction resulted from ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. Relying upon several Superior Court panel decisions, the majority interpreted Section 9543(a)(2)(ii) as requiring that an ineffectiveness claim brought under the PCRA raise a question of whether an innocent individual has been convicted. Since Lantzy failed to make the required showing that he was wrongfully convicted, the majority held that his claim was not cognizable under the amended PCRA.

In support of this holding, the majority also cited *Commonwealth v. Petroski*, 695 A.2d 844 (Pa.Super.1997), in which a Superior Court panel previously held that a PCRA petitioner lacked the ability to challenge his counsel's ineffectiveness for failing to file a direct appeal. The majority acknowledged that Petro-

---

**1.** 18 Pa.C.S.A. § 3502.

**2.** 18 Pa.C.S.A. § 3921(a).

**3.** 18 Pa.C.S.A. § 3925.

ski contained language which could be read to suggest that post-conviction petitioners are in all cases precluded from seeking PCRA relief for the failure of trial counsel to file a requested direct appeal. Seeking to clarify the holding of Petroski, however, the majority indicated that a petitioner may obtain PCRA relief for his trial counsel's failure to file a requested appeal, but only if the petitioner pleads and proves his innocence. Although the majority held that relief was unavailable to Lantzy under the PCRA, it was discomfited by the Commonwealth's argument that relief was foreclosed in all contexts by virtue of a failure to establish innocence. Thus, the majority indicated that relief was separately available through a general request for relief nunc pro tunc outside the framework of the PCRA. In this regard, the majority cited to this Court's decision in *Commonwealth v. Stock*, 545 Pa. 13, 679 A.2d 760 (1996) n.2.

In *Stock*, this Court found that nunc pro tunc relief was available to restore a petitioner's appellate rights after his counsel failed to perfect a direct appeal following convictions on summary offenses, for which fines were imposed. This Court explained that an appeal nunc pro tunc is intended as a remedy to vindicate the right to appeal where that right has been lost due to extraordinary circumstances.

*Id.* at ——, 736 A.2d 564 (citations and quotation marks omitted).

¶ 5 Likewise, the Supreme Court analyzed this Court's dissent at length. Relevantly, the Court noted the dissent's disagreement with the majority's position that *nunc pro tunc* relief should be available outside the framework of the PCRA. *Id.* at ——, 736 A.2d 564. The Supreme Court discussed the dissent's views that prejudice should be presumed when counsel fails to file a direct appeal and further, the failure to file such an appeal automatically undermines the truth-determining process. *Id.* Ultimately, in accepting many of the views set forth within this Court's dissent, the Supreme Court held:

[W]here there is an unjustified failure to file a requested direct appeal, the conduct of counsel falls beneath the range of competence demanded of attorneys in criminal cases, denies the accused the assistance of counsel guaranteed by the Sixth Amendment to the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution, as well as the right to direct appeal under Article V, Section 9, and constitutes prejudice for purposes of Section 9543(a)(2)(ii). Therefore, in such circumstances, and where the remaining requirements of the PCRA are satisfied, the petitioner is not required to establish his innocence or demonstrate the merits of the issue or issues which would have been raised on appeal.

*Id.* at ——, 736 A.2d 564. Thus, where as here, Appellant has claimed that counsel was ineffective for failing to file a direct appeal, we are constrained to reverse the trial court's determination and remand for an evidentiary hearing. At the hearing, the sole determination to be made is whether Appellant requested that counsel so appeal. If it is determined that this request was made and counsel failed to comply, Appellant's rights must be reinstated.

¶ 6 Order reversed. Case remanded for an evidentiary hearing. Jurisdiction relinquished.