J-S57021-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DIOUL DEVAUGHN | |
| Appellant | No. 2041 EDA 2014 |

Appeal from the PCRA Order June 25, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0014555-2008

BEFORE:  MUNDY, J., OTT, J., and STABILE, J.

MEMORANDUM BY OTT, J.:                    **FILED OCTOBER 22, 2015**

Dioul DeVaughn brings this appeal from the order entered on June 25, 2014, in the Court of Common Pleas of Philadelphia County, that dismissed without a hearing, his petition filed pursuant Pennsylvania's Post Conviction Relief Act (PCRA), §§ 9541–9546.  DeVaughn claims (1) trial counsel was ineffective for failing to file a direct appeal, and (2) the PCRA court erred in failing to hold an evidentiary hearing.  DeVaughn's Brief at 2.  Based upon the following, we reverse and remand for an evidentiary hearing.

The PCRA court has summarized the background of this case, as follows:

On December 18, 2007, at approximately 1:20 a.m., [DeVaughn] was standing on the steps of a house in the 3100 block of Sheridan Street in Philadelphia. Two Philadelphia police officers pulled onto the block in their vehicle and engaged [DeVaughn] in a brief conversation. When one of the officers opened his car door to get out of the vehicle, [DeVaughn] ran

into a nearby alley. The officers pursued [DeVaughn] and observed him discard a handgun to the ground. The gun was recovered and found to be a 9mm handgun, loaded with 13 rounds in the magazine and one in the chamber. The handgun, which was engraved with the name "Atlanta Police Department," had previously been reported stolen (N.T. 3/24/09, 6-10).

[DeVaughn] was arrested and charged with violations of the Uniform Firearms Act as well as receiving stolen property. On March 24, 2009, [DeVaughn] litigated a motion to suppress the handgun before this Court. This Court denied [DeVaughn's] motion, at which point [DeVaughn] immediately waived his right to a jury and proceeded to trial before this Court. This Court found [DeVaughn] guilty of violating section 6106 of the Uniform Firearms Act (firearms not to be carried without a license) and section 6108 (carrying firearms on public streets or public property in Philadelphia). This Court found [DeVaughn] not guilty of Receiving Stolen Property. On September 9, 2009, this Court sentenced [DeVaughn] to an aggregate term of two to four years incarceration, followed by three years of probation. Qawi Abdul-Rahman, Esquire, represented [DeVaughn] throughout these proceedings.

On August 13, 2010, [DeVaughn] filed *pro se* PCRA petition. Elayne C. Bryn, Esquire, was appointed represent him [on August 30, 2012[1]]. On September 26, 2012, Ms. Bryn filed an amended petition on [DeVaughn's] behalf, claiming that counsel was ineffective for failing to file a post-sentence motion and a direct appeal. On December 18, 2012, Ms. Bryn filed a supplemental amended petition, consisting of an affidavit, signed by [DeVaughn], which set forth [DeVaughn's] alleged communication with trial counsel regarding the filing of a post-sentence motion and appeal.

PCRA Court Opinion, 2/19/2015, at 1–2.

On October 16, 2013, the PCRA court issued an order pursuant to Pa.R.Crim.P. 907(1), giving notice of intent to dismiss the petition. On June

---

[1] There were three appointed counsel in this case prior to the appointment of Elayne C. Bryn, Esquire.

25, 2014, the PCRA court dismissed the PCRA petition without a hearing. This appeal followed.[2]

The principles that guide our review are well settled:

> This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

**Commonwealth v. Walls**, 993 A.2d 289, 294–295 (Pa. Super. 2010) (internal citations and citation omitted).

It is clear that where a defendant clearly asks for an appeal and counsel fails to file one, a presumption of prejudice arises regardless of the merits of the underlying issues. **Commonwealth v. Lantzy**, 558 Pa. 214, 736 A.2d 564 (Pa. 1999). A PCRA court must hold a hearing to determine "whether [an] [a]ppellant requested that counsel so appeal. If it is determined that this request was made and counsel failed to comply, [an] [a]ppellant's rights must be reinstated." **See Commonwealth v. Daniels**, 737 A.2d 303, 305 (Pa. Super. 1999). However, a PCRA court may decline to hold a hearing on the petition if the PCRA court determines that a petitioner's claim is patently frivolous and is without a trace of support in

---

[2] DeVaughn timely complied with the PCRA court's order to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

either the record or from other evidence. ***Commonwealth v. Jordan***, 772 A.2d 1011, 1014 (Pa. Super. 2001).

As recounted by the PCRA court in its opinion, excerpted above, on December 18, 2012, counsel for DeVaughn filed a supplemental amended PCRA petition, attaching DeVaughn's sworn, signed affidavit. The affidavit states, in relevant part:

> On March 24, 2009, I was found guilty by Judge Ellen Ceisler of the charges of Firearms Not to be Carried Without a License (18 Pa.C.S. § 6106) and Carrying Firearms in a Public Place (18 Pa.C.S. § 6108), for the above-captioned matter. On **September 9, 2009**, Judge Ceisler sentenced me to 2 to 4 years, followed by a three year probation for Firearms Not to be Carried Without a License (18 Pa.C.S. § 6106) and a concurrent sentence of 2 to 4 years for Carrying Firearms in a Public Place (18 Pa.C.S. § 6108). Qawi Abdul-Rahman, Esquire, represented me for my waiver trial and sentencing.
>
> On 10-9-09 I contacted my attorney, Qawi Abdul-Rahman, Esquire, by letter regarding the filing of post-verdict motions, post-sentence motions and/or a direct appeal on my behalf for this case. However, Mr. Abdul-Rahman did not file a post-verdict motion, post-sentence motion or direct appeal for this matter.

DeVaughn's Supplement to Amended Petition Under the Post Conviction Relief Act, 12/12/2012, Exhibit "A" (Affidavit of Dioul DeVaughn) (emphasis added). The affidavit is type-written, except for two blanks that are filled in with hand-written notations of "10-9-09" and "letter."

The PCRA court assessed the affidavit and dismissed the petition, explaining:

> Assuming arguendo that [DeVaughn] did in fact send such a letter to Mr. Abdul-Rahman, based on [DeVaughn's] own

affidavit, counsel could not possibly have received the letter in time to file a post-sentence motion or appeal within the proscribed deadlines for filing. According to [DeVaughn], his letter to counsel was not sent until thirty days after [DeVaughn's] sentencing date. Thus it is clear that [DeVaughn's] counsel would not have received the letter [until] after the thirty day period for filing an appeal would clearly have passed and the ten day period for filing post-sentence motions would long have expired.

Counsel cannot be deemed ineffective for failing to file a post-sentence motion or appeal where, by [DeVaughn's] own account, [DeVaughn] failed to make a timely request of counsel to take such action. It was [DeVaughn's] actions, not counsel's that resulted in [DeVaughn's] forfeiture of his post-trial rights.

PCRA Court Opinion, 2/17/2015, at 3–4. We disagree with this analysis.

Although the affidavit was filed in support of the amended PCRA petition, DeVaughn's averment that he sent his attorney a letter on October 9, 2009, was regarded by the PCRA court as fatal to DeVaughn's claim. The PCRA court implicitly determined that DeVaughn's October 9, 2009 letter was the first time he contacted counsel regarding an appeal. This finding, however, is not established by the record. Rather, the affidavit raises the question whether DeVaughn communicated with counsel prior to the letter he contends he sent to counsel. Therefore, we conclude the PCRA court erred in dismissing DeVaughn's petition without an evidentiary hearing. Accordingly, we vacate the PCRA court's order and remand for a hearing consistent with this decision.

Order reversed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/22/2015