J-S02041-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EVAN WARREN PRICE, | : | |
| | : | |
| Appellant | : | No. 978 MDA 2019 |

Appeal from the PCRA Order Entered May 24, 2019
in the Court of Common Pleas of Berks County
Criminal Division at No(s):  CP-06-CR-0002809-2017,
CP-06-CR-0002810-2017, CP-06-CR-0002870-2017

BEFORE:  BENDER, P.J.E., KING, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                **FILED APRIL 17, 2020**

Evan Warren Price ("Price") appeals, *pro se*, from the Order dismissing his first Petition for relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we vacate and remand for the appointment of counsel and an evidentiary hearing to determine whether plea counsel was *per se* ineffective for failing to file a requested notice of appeal.

Between April 24, 2017, and April 26, 2017, Price committed four armed robberies of businesses in and around Reading, Pennsylvania.  Price was arrested on April 26, 2017, and the charges for the four robberies were listed at three separate docket numbers (CP-06-CR-0002809-2017; CP-06-CR-0002810-2017; and CP-06-CR-0002870-2017).  The cases were consolidated for trial, and on September 6, 2017, Price entered a guilty plea to four counts

of robbery.  The trial court sentenced Price to an aggregate term of twenty to forty years in prison.

Price did not file a direct appeal.  On April 3, 2018, Price, *pro se*, filed the instant PCRA Petition.  Osmer Deming, Esquire ("Attorney Deming"), was appointed as Price's PCRA counsel, and he subsequently filed a no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), seeking to withdraw from representation.  The PCRA court granted counsel's request to withdraw, and entered a Pa.R.Crim.P. 907 Notice of intent to dismiss Price's Petition without a hearing.  Price submitted a written, *pro se*, Response to the Notice, and the PCRA court dismissed the Petition on May 24, 2019.  On June 14, 2019, Price, *pro se*, filed a single Notice of Appeal from the PCRA Court's Order.  Price filed a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal, and the PCRA court issued a subsequent Order directing our attention to its Notice of Intent.

On July 17, 2019, this Court issued a Rule to show cause why Price's appeal should not be quashed in light of our Supreme Court's decision in **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018).  Price, *pro se*, filed a responsive "Petition to Consolidate," wherein he indicated that quashal was inappropriate because the guilty pleas were all subject to the same plea bargain, and involved the same underlying questions.  This Court

J-S02041-20

subsequently discharged the Rule to show cause and referred the matter to the merits panel.[1]

Price presents three issues for our review, all related to the purported ineffective assistance of his plea counsel:

1. Was the PCRA [c]ourt in error in denying [Price's] PCRA Petition without a hearing, where [Price] was seeking the reinstatement of his direct appeal rights following counsel's failure to file the requisite notice of appeal, and for abandoning [Price] following sentencing?

2. Was the PCRA [c]ourt in error in denying [Price's] PCRA Petition without a hearing, and did former trial and sentencing counsel provide ineffective assistance of counsel when she failed to investigate [whether] the evidence in this case [was] sufficient to have directly caused a plea that was unknowing, unintelligent, and involuntary?

3. Was the PCRA [c]ourt in error in denying [Price's] PCRA Petition without a hearing, and did former [plea] counsel provide

_____

[1] In **Walker**, our Supreme Court held that "where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each case." **Walker**, 185 A.3d at 971. The Court concluded that "[t]he Official Note to Rule 341 provides a bright-line mandatory instruction to practitioners to file separate notices of appeal. … The failure to do so requires the appellate court to quash the appeal." **Id.** at 976-77. However, in **Commonwealth v. Stansbury**, 219 A.3d 157 (Pa. Super. 2019), this Court discussed **Walker** and declined to quash an appeal where the appellant filed a single notice of appeal listing multiple docket numbers. There, the PCRA court notified the appellant that "he could appeal the dismissal of his PCRA petition by filing within thirty days **a** notice of appeal from its order." **Id.** at 160 (emphasis added). This Court concluded that the PCRA court's order, which utilized the singular "a" regarding the filing of a notice of appeal, amounted to a "breakdown in the court system[,]" and, therefore, we excused the appellant's noncompliance with the mandate in **Walker**. **Id.** Here, the PCRA court informed Price that he had "30 days from the date of this order to file **a** notice of appeal[.] **See** Order, 5/24/19, at 2 (unnumbered; emphasis added). Accordingly, the instant case aligns with our precedent in **Stansbury**, and we decline to quash on this basis.

- 3 -

ineffective assistance of counsel in her failure to move for pretrial dismissal of the charges following her receipt of the information that police violated [Price's] 4th, 6th, and 14th [A]mendment rights when police searched [Price's] vehicle, seiz[ed] property unlawfully, and threaten[ed] [Price's] spouse with criminal charges as a coercion tactic to solicit a plea from [Price]?

Brief for Appellant at 2-3.

Our standard of review is well settled:

This Court's standard of review regarding an order [dismissing] a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

*Commonwealth v. Walls*, 993 A.2d 289, 294-95 (Pa. Super. 2010) (internal citations omitted). We presume that counsel was effective, and the defendant has the burden of proving otherwise. *Commonwealth v. Cox*, 983 A.2d 666, 678 (Pa. 2009). To establish ineffective assistance of counsel, a petitioner must prove that (1) the underlying claim has arguable merit; (2) counsel lacked a reasonable basis for his or her act or omission; and (3) the petitioner suffered actual prejudice. *Commonwealth v. Treiber*, 121 A.3d 435, 445 (Pa. 2015). However, a PCRA court may decline to hold a hearing on the petition if the PCRA court determines that a petitioner's claim is patently frivolous and is without a trace of support in either the record or from other evidence. *Commonwealth v. Jordan*, 772 A.2d 1011, 1014 (Pa. Super. 2001). "[O]n appeal[, this Court] must examine each of the issues raised in the PCRA petition in light of the record in order to determine whether the PCRA

- 4 -

court erred in concluding that there were no issues of material fact and denying relief without an evidentiary hearing." ***Id.***

First, Price argues that he requested that his plea counsel, Kelly Kline, Esquire ("Attorney Kline"), file a direct appeal, and Attorney Kline failed to do so. Brief for Appellant at 11-12. In support of this argument, Price references several emails that his spouse exchanged with Attorney Kline. ***Id.*** at 12-13. Specifically, the text of the email reads as follows:

> I spoke with [Price] last night and he was wondering if you were able to look into further actions or if they can come after him federally if he motions to take the sentencing to a higher court. He said you were going to look into it and let me know. Also if it would be a possibility would that be something you could do and what kind of fee would there be? If you are unable to do so I received a referral from a family member for another attorney and wanted to know your opinion if that's possible and if this is something in his realm of practice. His name is Bill Bispels [("Attorney Bispels")].

Brief for Appellant at Appendix "E". Two days later, Attorney Kline responded as follows: "I am still looking into it as I have found nothing on point. [Attorney] Bispels is a very good lawyer." ***Id.***

Where an appellant clearly asks for an appeal and counsel fails to file one, a presumption of prejudice arises regardless of the merits of the underlying issues. ***Commonwealth v. Lantzy***, 736 A.2d 564, 572 (Pa. 1999). A PCRA court must hold a hearing to determine "whether [an] [a]ppellant requested that counsel so appeal. If it is determined that this request was made and counsel failed to comply, [an a]ppellant's rights must

be reinstated." ***Commonwealth v. Daniels***, 737 A.2d 303, 305 (Pa. Super. 1999).

The PCRA court, in its Rule 907 Notice, determined that the email exchange submitted by Price did not establish that he had requested that Attorney Kline file a direct appeal:

> Instantly, [Price] failed to establish that he indeed asked [Attorney Kline] to file an appeal. [Price's] averment heavily relies on verbal conversations and emails from [Price's] wife to Attorney Kline. The email[,] however[,] suggests the request was not to file a direct appeal but more of a request for information on what the potential consequences would be if [Price] were to file an appeal. If [Price] asked Attorney Kline to file an appeal before this email, [Price] would have asked whether Attorney Kline indeed filed the appeal rather than asking what the consequences might be if he were to file an appeal. More importantly, in [Price's] final letter to Attorney Deming, [Price] portrayed that he no longer wanted to raise the issue.

Notice of Intention to Dismiss, 5/1/19, at 2 (unnumbered).

We disagree with the PCRA court's analysis. The PCRA court determined that the email exchange clearly demonstrates that a request to file an appeal was not made. Rather, the email exchange between Price's spouse and Attorney Kline suggest that Price, prior to submitting a direct appeal, had requested that Attorney Kline research the potential consequences that Price might face in federal court if he appealed his state sentence. Price's spouse asked if, depending on Attorney Kline's research, an appeal "would be something that [Attorney Kline] could do," and inquires about fees. The email also suggests, if Attorney Kline were to determine that she was unable to file the appeal, that they had received a referral for alternative counsel. Attorney

Kline's response was that she was still "looking into" the issue; she had been unsuccessful so far; and Attorney Bispels was a "good lawyer."

The record discloses no additional communication following Attorney Kline's email that she was still researching the potential consequences for filing an appeal. Given the circumstances, Attorney Kline's email was ambiguous. The email could be interpreted as encouraging Price to pursue alternative representation. However, it is possible that Price was awaiting Attorney Kline's advice regarding the potential consequences of filing an appeal and whether she would represent Price during a potential appeal, prior to seeking alternative representation.

In **Commonwealth v. Donaghy**, 33 A.3d 12 (Pa. Super. 2011), this Court addressed the issue of an appellant's ambiguous request for counsel to file an appeal. There, the appellant had sent letters to counsel during the thirty-day appeal period, in which he requested that counsel explain the reasons required to file an appeal and the time frame in which he could do so. *Id.* at 16. At a PCRA hearing, counsel testified that he interpreted the appellant's inquiry to mean that he wished to file a direct appeal on his own. *Id.* The PCRA court found counsel to be credible, and concluded that appellant had failed to satisfy his burden of proving that he requested an appeal, and counsel disregarded that request. *Id.*

On appeal, this Court concluded that appellant's inquiries "sufficiently demonstrated a desire to appeal, such that counsel should have made a

reasonable effort to discover [appellant's] wishes[.]" *Id.* This Court also determined that counsel's response that appellant "could file an appeal" within 30 days did not satisfy counsel's necessary requirements, and that counsel's belief that appellant had no viable issues on appeal did not absolve him of his duty to ascertain appellant's wishes with regard to the filing of an appeal. *Id.* As a result, this Court reversed the PCRA court's order and remanded for the reinstatement of appellant's direct appeal rights. *Id.* at 17.

Instantly, we conclude that the email sequence submitted to the PCRA court raises a genuine question of material fact as to whether Attorney Kline provided effective representation, and whether Attorney Kline actually withdrew from representation. Therefore, the PCRA court erred in dismissing Price's Petition without an evidentiary hearing. *See Jordan*, *supra* (holding that the PCRA may only decline to hold an evidentiary hearing if the petitioner's claim is patently frivolous and is without a trace of support either in the record or from other evidence); *Donaghy*, 33 A.3d at 16-17. Accordingly, we vacate the PCRA court's Order and remand for a hearing to determine whether Attorney Kline provided effective assistance of counsel with regard to Price's filing of a direct appeal from his sentence.

Second, Price argues that Attorney Kline was ineffective in counseling him regarding the acceptance of his plea agreement. Brief for Appellant at 18-19. He presents three separate components to this argument: (1) Attorney Kline failed to conduct a meaningful pretrial investigation sufficient

to understand the evidence before Price entered his plea; (2) the prosecutor had a conflict of interest in which he was both the prosecutor for the Commonwealth, as well as the federal government; and (3) Attorney Kline failed to present mitigating evidence at sentencing that would have reduced Price's sentence. *Id.* at 19. In support of his arguments, Price claims that Attorney Kline met with him only one time during pretrial proceedings; failed to obtain a bill of particulars that, he purports, would have motivated him to reject the plea agreement and proceed to trial; and failed to rigorously investigate the district attorney's dual representation which, he suggests, would have rendered any trial he faced to be unfair. *Id.* at 19-27.[2]

The PCRA court addressed these portions of Price's argument as follows:

[D]espite [Price's] argument that he was unlawfully induced and/or coerced to enter a plea agreement, the record supports that [Price] entered the plea agreement knowingly and voluntarily. [Price,] in court, under oath, through written and oral colloquies, acknowledged that he understood the nature of the

_____

[2] We note that, while Price claims that Attorney Kline was ineffective by failing to present mitigating evidence at sentencing, Price's brief contains no arguments or citations to relevant authority. *See* Pa.R.A.P. 2119(a); *see also Commonwealth v. Russell*, 665 A.2d 1239, 1246 (Pa. Super. 1995) (stating that this Court is unable to review an appellant's claims where he fails to include relevant citations to authority or legal discussion in his brief). Consequently, we are unable to review Price's ineffectiveness claim regarding Attorney Kline's failure to present mitigating evidence at sentencing. *See* Pa.R.A.P. 2119(a); *see also Commonwealth v. Adams*, 882 A.2d 496, 498 (Pa. Super. 2005) (citations omitted) (stating that "[a]lthough this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing.").

charges, specifically in that he was charged with four counts of robbery among other charges, and the agreement between the parties.

\* \* \*

[Price] avers Attorney Kline was ineffective in failing to file a bill of particulars. [Price] failed to offer any substance as to how a motion for bill of particulars would have been a meritorious motion for [Price]. Any potential defect, if there were any, would have been cured by [Price's] acknowledgement on the record that he understood that he was giving up the right to file various pretrial motions as a result of entering a plea agreement.

\* \* \*

[Price] avers Attorney Kline was ineffective as Attorney Kline only met with him once before the plea and was denied opportunity to participate in his case. The length of time dedicated to client consultation affords no basis for inferring the extent of trial preparation and effective assistance of counsel. *Com*[*monwealth*] *v. Ellis*, 700 A.2d 948, 960 (Pa. Super. 1997). Therefore, [Price's] averment that Attorney Kline met with him once before the plea has no bearing on whether Attorney Kline was ineffective in representing [Price].

[Price] avers he was unlawfully coerced by Attorney Kenneth Brown to take a plea deal. As an Assistant District Attorney for the Commonwealth and a Special Assistant United States Attorney, Attorney Brown was entitled to handle both matters and communicate with Attorney Kline regarding the state and potential federal case against [Price]. [Price] merely points out that Attorney Brown was acting on behalf of the Commonwealth and the United States but does not provide any specifics in which [*sic*] how it unlawfully induced [Price] to enter the guilty plea. Therefore, this argument is of no merit.

Notice of Intention to Dismiss, 5/1/19, at 3-5 (unnumbered).

We agree with the sound reasoning of the PCRA court regarding Price's

arguments that Attorney Kline provided ineffective assistance of counsel

surrounding his guilty plea. Because we discern no abuse of discretion in

the PCRA court's decision not to hold an evidentiary hearing with regard to these arguments, we can afford Price no relief.

Finally, Price argues that Attorney Kline failed to discover that police did not possess a valid warrant to search his vehicle, during which officers seized a firearm and other evidence of the robberies. Brief for Appellant at 28-29. Price argues that, despite Attorney Kline informing him that officers had possessed a search warrant, he discovered after his plea agreement and sentencing, that the opposite was true. *Id.* at 29. As such, Price argues that his plea was tendered unknowingly, unintelligently, and involuntarily, and was the result of the incorrect information supplied to him by Attorney Kline. *Id.*

The PCRA court determined that Price had failed to lay out the basis of a motion to suppress evidence. Notice of Intention to Dismiss, 5/1/19, at 6. Further, it presumed that Attorney Kline reviewed the complete record of Price's case, and determined that there was no viable motion to suppress evidence. *Id.* Though Price appears to argue that no search warrant existed, and that he only discovered the absence of a search warrant following sentencing, there exists no evidence in the record to support Price's bald contentions. Specifically, Price failed to establish that police searched his vehicle without a warrant, or that Attorney Kline had admitted as much in an email sent to Price's spouse. Because Price did not adequately explain the basis to support a suppression motion, we conclude that his underlying claim has no merit. *See Treiber*, *supra* (holding that a PCRA petitioner must

- 11 -

demonstrate that the claim underlying an ineffective assistance of counsel claim is of arguable merit). As a result, we agree with the determination of the PCRA court as set forth above, and discern no abuse of discretion.

Order vacated. Case remanded for proceedings consistent with this Memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/17/2020