J-S06023-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA　　:　　IN THE SUPERIOR COURT OF
　　　　　　　　　　　　　　　　　　　　　　:　　　　　　　PENNSYLVANIA
　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　v.　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　:
JEFFREY BURGOS　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　Appellant　　　　　　　　　:　　No. 420 EDA 2020

Appeal from the PCRA Order Entered January 24, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0008747-2015, CP-51-CR-0008748-2015

BEFORE:　　PANELLA, P.J., NICHOLS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY NICHOLS, J.:　　　　　　　　**FILED AUGUST 23, 2021**

Appellant Jeffrey Burgos appeals *pro se* from the order dismissing his first timely Post Conviction Relief Act[1] (PCRA) petition without an evidentiary hearing.  This case returns to us after we remanded to the PCRA court for clarification and supplementation of the record.  Appellant contends that his trial counsel was ineffective for failing to file a requested direct appeal.  We vacate and remand for an evidentiary hearing.

We state the facts as presented by the PCRA court:

On July 7, 2015, an altercation between [Victim, who was] the mother of Appellant's child, and several other women ensued outside of [the home] where [Victim] resided.  [Victim] drew a revolver and fired two shots in the air to disperse the growing crowd which included . . . Appellant.  [Victim] then retreated into

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

her residence. Subsequently, Appellant produced a rifle and forced his way through the door of the residence. Appellant fired a shot inside of the house where [Victim], her girlfriend, two other women, and her child were located.

PCRA Ct. Op., 12/18/20, at 2 (citations omitted).

As a result, the Commonwealth charged Appellant with various offenses at two separate docket numbers: 8747-2015 and 8748-2015. At Docket No. 8747, the Commonwealth charged Appellant with, among other offenses, burglary and recklessly endangering another person. At Docket No. 8748, the Commonwealth also charged Appellant with, among other crimes, aggravated assault.

On October 9, 2015, Marni Jo Snyder, Esq., entered her appearance as counsel for Appellant at Docket No. 8747. *See* Docket No. 8747. Although Attorney Snyder did not enter her appearance at Docket No. 8748, she represented Appellant at his May 2, 2016 open guilty plea at both docket numbers.

On April 28, 2017, the trial court sentenced Appellant, still represented by Attorney Snyder, at both docket numbers. Specifically, at Docket No. 8747, the trial court sentenced Appellant to an aggregate sentence of ten-and-one-half to twenty-five years' imprisonment. Order, Docket No. 8747, 4/28/17. At Docket No. 8748, the trial court sentenced Appellant to an aggregate sentence of sixteen-and-one-half to thirty-three years' imprisonment. Order, Docket No. 8748, 4/28/17.

On May 5, 2017, Eric Donato, Esq., entered his appearance for Appellant at both docket numbers, and he filed a motion for reconsideration of sentence at each docket number.

Subsequently, on July 18, 2017, Liam Riley, Esq., entered his appearance for Appellant at both docket numbers. The records do not reflect that the trial court granted Attorneys Snyder or Donato permission to withdraw.

At Docket No. 8747, the trial court denied the motion for reconsideration on September 6, 2017. At Docket No. 8748, the trial court granted the motion for reconsideration on September 6, 2017, and the trial court imposed a new sentence of fourteen-and-one-half to thirty-five years' imprisonment.[2] No notices of appeal were filed.

On August 28, 2018, Appellant filed a *pro se* PCRA petition, which listed both docket numbers. Appellant raised a general claim that trial counsel failed to file a requested appeal, but he did not otherwise specify a particular

_____

[2] It appears that the trial court ruled on Appellant's post-sentence motions more than 120 days after Appellant filed them. Therefore, the trial court lacked jurisdiction to impose the new sentence at Docket No. 8748, as both of Appellants' motions were denied by operation of law. **See** Pa.R.Crim.P. 720(B)(3)(a); **Commonwealth v. Santone**, 757 A.2d 963, 966 (Pa. Super. 2000) (holding that the trial court did not have jurisdiction to issue an order resolving the defendant's post-sentence motion after 120 days had passed). None of the parties raised this issue. In any event, as set forth below, Appellant filed a timely PCRA petition within one year after his judgment of sentence became final.

attorney or docket number. PCRA Pet., 8/28/18, at 3 (stating that the "[r]equested appeal was not filed"). Later in the petition, Appellant raised a specific claim that Attorney Snyder failed to file "an appeal to the Superior Court." *Id.*

On September 20, 2018, the PCRA court appointed Scott Gessner, Esq., as Appellant's PCRA counsel at both docket numbers. On January 23, 2019, at both docket numbers, Appellant filed a petition to proceed *pro se*. On April 15, 2019, the PCRA court held a *Grazier*[3] hearing, at which the PCRA court issued an oral order granting Appellant's petitions to proceed *pro se* and permitting Attorney Gessner to withdraw at both docket numbers.[4] Attorney Gessner did not file any amended PCRA petition or other pleadings for Appellant at any docket number.

On November 18, 2019, at both docket numbers, the Commonwealth filed a response to Appellant's *pro se* PCRA petition. Resp. to *Pro Se* PCRA Pet., 11/18/19. The Commonwealth reasoned that because Attorney Snyder

---

[3] *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1988).

[4] On May 26, 2021, this Court remanded the matter for the PCRA court to explain, among other things, why the PCRA court's April 15, 2019 oral order was not in the certified record. Order, 5/26/21. On June 23, 2021, the PCRA court filed a supplemental opinion, which stated that the PCRA court was not aware that its April 15, 2019 oral order was not docketed until the Commonwealth filed a motion on October 22, 2019, asking the PCRA court to correct the dockets. PCRA Ct. Op., 6/23/21, at 1. As a result of the Commonwealth's October 22, 2019 motion, the PCRA court stated that on December 2, 2019, it filed orders at both docket numbers to reflect its April 15, 2019 oral order. *Id.* at 1-2.

was not Appellant's counsel when the trial court resolved Appellant's post-sentence motions, Attorney Snyder could not have been ineffective by not filing any appeals. *Id.* at 3.

On November 27, 2019, at both docket numbers, Appellant filed a *pro se* reply, which stated that he inadvertently named Attorney Snyder. *Pro se* Reply to Resp. to *Pro se* PCRA Pet., 11/27/19. Appellant argued that he raised a viable claim of Attorney Riley's ineffectiveness. *Id.* at 1-2. He also claimed that "neither Attorney Donato nor Attorney Riley visited or notified [Appellant] of their respective representation."[5] *Id.* Finally, Appellant requested leave to amend his petition to specifically identify Attorney Riley as ineffective. *Id.* at 2. The PCRA court did not rule on Appellant's request for leave to amend.

On December 16, 2019, at both docket numbers, the PCRA court issued a Pa.R.Crim.P. 907 notice, which stated that the issues raised in Appellant's PCRA petition lacked merit.[6] Rule 907 Notice, 12/16/19. Appellant did not file a response to the Rule 907 notice.

On January 15, 2020, both dockets reflect that the PCRA court dismissed Appellant's PCRA petition, but the PCRA court did not, at that time, file any

---

[5] The PCRA court, as discussed below, relies on this statement to deny Appellant relief.

[6] The PCRA court's Rule 907 notice was a checklist and provided no additional rationale for the PCRA court's reasoning.

orders.[7] There is no indication in the record that on that date, the PCRA court advised Appellant of his appellate rights, including that under *Commonwealth v. Walker*, 185 A.3d 969, 971 (Pa. 2018), he must file a separate notice of appeal from an order resolving issues arising on more than one docket.

On January 24, 2020, at Docket No. 8747, Appellant filed a *pro se* notice of appeal, which listed only Docket No. 8747. The certificate of service and verified statement attached to Appellant's *pro se* notice of appeal, however, list both docket numbers.

On January 31, 2020, at both dockets, the PCRA court ordered Appellant to comply with Pa.R.A.P. 1925(b). The docket and record for 8747 do not reflect Appellant's compliance within twenty-one days. The record at Docket No. 8748, however, reflects that on February 28, 2020, Appellant filed a *pro se* Rule 1925(b) statement, which listed Docket No. 8748.

On June 4, 2020, this Court ordered the PCRA court to either appoint appellate counsel for Appellant or conduct a *Grazier* hearing. Order, 6/4/20. On June 15, 2020, the PCRA court appointed Lawrence O'Connor, Esq., as Appellant's appellate counsel. Order, 6/15/20.

---

[7] On May 26, 2021, this Court ordered the PCRA court to supplement the record with the January 15, 2020 orders. The PCRA court complied by printing orders formally dismissing Appellant's PCRA petition, which were printed on June 10, 2021, but backdated to January 15, 2020.

On September 4, 2020, at Docket No. 8747, the PCRA court ordered Attorney O'Connor to comply with Rule 1925(b). Order, 9/4/20. On September 24, 2020, Attorney O'Connor filed a timely Rule 1925(b) statement, which was captioned with the 8747 docket number, but was filed at Docket No. 8748. Rule 1925(b) Statement, Docket No. 8748, 9/24/20. Attorney O'Connor's Rule 1925(b) statement asserted that Attorney Riley was ineffective by not filing a direct appeal and that the PCRA court erred by "denying [Appellant] his fundamental right to direct appeal" because Appellant was mistaken about counsel's identity. *Id.*

Before we address the merits of Appellant's issues, we must resolve our appellate jurisdiction, which we may address *sua sponte*. **Commonwealth v. Borrero**, 692 A.2d 158 (Pa. Super. 1997). In **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), our Supreme Court noted that under Pa.R.A.P. 341, a single notice of appeal in a criminal case that seeks appellate review of orders or judgments arising on more than one docket is not permitted. **Walker**, 185 A.3d at 976.

However, in **Commonwealth v. Stansbury**, 219 A.3d 157 (Pa. Super. 2019), this Court recognized that the failure to file separate notices of appeal may be excused where there was a breakdown in the operation of the court. **Stansbury**, 219 A.3d at 160. Specifically, this Court noted that "[w]e have many times declined to quash an appeal when the defect resulted from an appellant's acting in accordance with misinformation relayed to him by the

trial court." *Id.*  The *Stansbury* Court concluded that the PCRA court's failure to advise the appellant of the need to file separate notices of appeal constituted "a breakdown in court operations such that we may overlook" any *Walker* defect.  *Id.* at 160.  Therefore, the Court declined to quash Stansbury's appeal pursuant to *Walker* and addressed the substance of his appeal.  *Id.*; *accord Commonwealth v. Larkin*, 235 A.3d 350, 353-54 (Pa. Super. 2020) (*en banc*).

Finally, Pa.R.Crim.P. 907(4) provides:

> When the petition is dismissed without a hearing, the judge promptly shall issue an order to that effect and shall advise the defendant by certified mail, return receipt requested, of the right to appeal from the final order disposing of the petition and of the time limits within which the appeal must be filed.  The order shall be filed and served as provided in Rule 114.

Pa.R.Crim.P. 907(4).  Rule 114 requires, among other things, that all criminal orders be promptly transmitted to the clerk of courts' office for timestamping, filing, docketing, and service.  *See* Pa.R.Crim.P. 114.

Here, similar to *Stansbury*, in which the PCRA court gave incorrect advice regarding the defendant's right to appeal, the instant PCRA court failed to advise Appellant of his appellate rights.  *See* Pa.R.Crim.P. 907(4); *cf. Stansbury*, 219 A.3d at 160.  Specifically, the instant PCRA court failed to issue an order advising Appellant "by certified mail, return receipt requested, of the right to appeal from the final order disposing of the petition and of the time limits within which the appeal must be filed."  Pa.R.Crim.P. 907(4).  The PCRA court also failed to inform Appellant that he must file separate notices

- 8 -

of appeal. **See** Pa.R.A.P. 341. Because of the breakdown in the PCRA court's operations, including the backdated orders as discussed above, we construe Appellant's *pro se* notice of appeal as an appeal from each of the PCRA court's January 15, 2020 orders denying Appellant's *pro se* PCRA petitions at Docket Nos. 8747 and 8748.[8] **See Stansbury**, 219 A.3d at 160.

Having resolved our appellate jurisdiction, we state Appellant's issues as follows:

1. Whether the PCRA court erred by dismissing the PCRA petition when clear and convincing evidence was presented that trial counsel was *per se* ineffective for failing to protect [A]ppellant's constitutional right to direct appeal.

2. Whether the PCRA court erred by dismissing the PCRA petition when clear and convincing evidence was presented to establish a violation of [A]ppellant's constitutional right to due process and effective representation based on counsel's failure to file direct appeal.

3. Whether the PCRA court erred by failing to grant an evidentiary hearing.

Appellant's Brief at 7.

---

[8] Furthermore, Pa.R.A.P. 905(a)(5) provides that a "notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof." Pa.R.A.P. 905(a)(5). Therefore, to the extent Appellant's appeal was premature, it was perfected on June 10, 2021, when the PCRA court filed the backdated orders dismissing Appellant's PCRA petition. **See id.**; **cf. Johnston the Florist, Inc. v. TEDCO Const. Corp.**, 657 A.2d 511, 514–15 (Pa. Super. 1995) (*en banc*).

We summarize Appellant's arguments for all of his issues, as they are interrelated. Appellant argues that he requested a direct appeal and that counsel failed to file the requested direct appeal. *Id.* at 11. In Appellant's view, he established *per se* ineffectiveness and the PCRA court should have reinstated his direct appeal rights *nunc pro tunc*. Appellant asserts that the PCRA court erred by reasoning that because he failed to correctly identify his counsel, that failure "proves that [A]ppellant did not actually request that counsel file a direct appeal." *Id.* at 12. Appellant claims that he is entitled to an evidentiary hearing. *Id.* at 13.

The Commonwealth counters that because Appellant identified Attorney Snyder, and not Attorney Riley, as the relevant trial counsel, Appellant is due no relief. Commonwealth's Brief at 7. The Commonwealth reasons that Appellant was required to specifically plead that he requested Attorney Riley to file an appeal. *Id.* at 9. The Commonwealth concludes that "in the absence of any pleading alleging that [Appellant] did so, no hearing was warranted." *Id.* at 9-10.

The PCRA court similarly asserts that although Appellant has a "constitutional right to direct appeal," and "naming the wrong attorney is a mistake of fact," Appellant "ignore[d] the fact that he has insufficiently carried his burden that he indeed requested any attorney to file an appeal on his behalf." PCRA Ct. Op. at 4. The PCRA court focuses on Appellant's assertion that neither Attorney Donato nor Attorney Riley ever visited or spoke with

- 10 -

Appellant. *Id.* The PCRA court therefore reasons that Appellant's petition "beg[ged] the questions – if [Appellant] was unaware of who his attorney was, did he in fact request an appeal? If so, to whom was the request made?" *Id.* Accordingly, the PCRA court concludes that Appellant never proved he requested a direct appeal. *Id.*

In reviewing Appellant's claims, we are guided by the following principles:

> [O]ur standard of review from the denial of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions.

> Furthermore, to establish a claim of ineffective assistance of counsel, a defendant must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. . . .

> We have explained that a claim has arguable merit where the factual averments, if accurate, could establish cause for relief. Whether the facts rise to the level of arguable merit is a legal determination.

*Commonwealth v. Sandusky*, 203 A.3d 1033, 1043-44 (Pa. Super. 2019) (citations omitted and formatting altered), *appeal denied*, 216 A.3d 1029 (Pa. 2019).

Further, it is well settled that

> [t]here is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that

no genuine issues of material fact exist, then a hearing is not necessary. To obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing.

*Commonwealth v. Maddrey*, 205 A.3d 323, 328 (Pa. Super. 2019) (citations and quotation marks omitted), *appeal denied*, 218 A.3d 380 (Pa. 2019).

When a defendant has requested a direct appeal and counsel failed to file one, a presumption of prejudice arises regardless of the merits of the underlying issues. *Commonwealth v. Lantzy*, 736 A.2d 564, 572 (Pa. 1999). Therefore, when a PCRA petitioner raises this type of claim, the PCRA court must hold a hearing to determine whether the defendant "requested that counsel so appeal. If it is determined that this request was made and counsel failed to comply, [the defendant's] rights must be reinstated." *Commonwealth v. Daniels*, 737 A.2d 303, 305 (Pa. Super. 1999).

In *Daniels*, the defendant filed a PCRA petition claiming "that counsel was ineffective for failing to file a direct appeal." *Id.* at 305. The PCRA court dismissed the defendant's petition without a hearing. *Id.* at 304. On appeal, this Court reversed the PCRA court, reasoning that because of the defendant's claim, it was "constrained to reverse the [PCRA] court and remand for an evidentiary hearing." *Id.* at 305.

Finally, we add that "courts may liberally construe materials filed by a *pro se* litigant, [but] *pro se* status confers no special benefit upon a litigant, and a court cannot be expected to become a litigant's counsel or find more in

- 12 -

a written *pro se* submission than is fairly conveyed in the pleading." ***Commonwealth v. Blakeney***, 108 A.3d 739, 766 (Pa. 2014).

Instantly, we acknowledge the position of the Commonwealth and the PCRA court that Appellant has the burden of pleading his claim. We also acknowledge their position that because Appellant failed to identify Attorney Riley as his counsel during the time period within which Appellant could have filed a notice of appeal, this Court should affirm the denial of relief. **See** Commonwealth's Brief at 9-10. We note, however, that the dockets and records do not reflect that the trial court ever granted Attorneys Snyder and Donato permission to withdraw. Therefore, as Appellant claimed in his PCRA petition, Appellant could have requested Attorney Snyder to file a notice of appeal, as she was still counsel of record. **See** PCRA Pet. at 3.

Further, the PCRA court did not acknowledge Appellant's assertion in his PCRA petition that a "[r]equested appeal was not filed," which we liberally construe to mean by any of Appellant's three trial counsel. ***See Blakeney***, 108 A.3d at 766. Therefore, similar to the defendant in ***Daniels***, Appellant claimed that his counsel at that time was ineffective by failing to file a requested direct appeal. **See** PCRA Pet. at 3; ***Daniels***, 737 A.2d at 304. Regardless, the PCRA court never ruled on Appellant's request for leave to amend his petition to specify Attorney Riley as ineffective. **See** *Pro se* Reply to Resp. to *Pro se* PCRA Pet. at 2.

- 13 -

Therefore, the PCRA court erred by determining that no issues of fact existed as to whether Appellant requested his then-counsel to file a notice of appeal. ***See Daniels***, 737 A.2d at 304-05. In conjunction with the inconsistent pleadings, breakdowns in court operations, and record discrepancies, which include the absence of any record documentation that the trial court ever granted Attorneys Snyder or Donato permission to withdraw, accordingly, we remand for an evidentiary hearing for the PCRA court to determine these issues. ***See id.***

Additionally, the trial court must determine whether its granting of Appellant's motion for reconsideration at Docket No. 8748 was timely because it appears from the record that its order was decided beyond 120 days and that it therefore lacked jurisdiction to impose Appellant's new sentence such that the new sentence is illegal. ***See*** Pa.R.Crim.P. 720(B)(3)(a); ***Santone***, 757 A.2d at 966. For these reasons, we vacate the order below and remand the record for an evidentiary hearing.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/23/2021

- 14 -