COMMONWEALTH of Pennsylvania,
Appellee,

v.

Yakee BENTLEY, Appellant.

Commonwealth of Pennsylvania,
Appellant,

v.

Yakee Bentley, Appellee.

Superior Court of Pennsylvania.

Submitted May 21, 2003.

Filed Aug. 21, 2003.

Lee Mandell, Philadelphia, for Bentley.

Catherine L. Marshall, Asst. Dist. Atty., Philadelphia, for Com.

BEFORE: TODD, GRACI and TAMILIA, JJ.

OPINION BY TAMILIA, J.:

¶ 1 The Commonwealth appeals from an Order dated April 26, 2002 granting Yakee Bentley's post-sentence motion for new trial.[1] On appeal, the Commonwealth claims the trial court's Order granting Bentley's post-sentence motion for new trial is a legal nullity because the court no longer had jurisdiction to rule on this matter pursuant to Pa.R.Crim.P. 720, **Post–Sentence Procedures; Appeal.**

¶ 2 Following a non-jury trial held on September 20—24, 2001, appellee/cross appellant Bentley was found guilty of first degree murder[2] and criminal conspiracy.[3] On November 8, 2001, he was sentenced to life imprisonment for murder and ten (10) to twenty (20) years imprisonment for criminal conspiracy to run concurrently with the sentence for murder. Thereafter, on November 13, 2001, trial counsel filed a post-sentence motion and then withdrew from the case. New counsel, appointed on November 19, 2001, notified the trial court that he intended to file a supplemental motion alleging ineffective assistance of trial counsel and asked for time to further

---

1. Although as a technical matter we have before us consolidated appeals, the parties' briefs clearly reveal there is only one issue for our consideration, that is whether or not the trial court had the requisite authority to enter the April 26, 2002 Order granting Yakee Bentley's motion for new trial.

2. 18 Pa.C.S.A. § 2502(a).

3. *Id.* § 903.

investigate the matter. A hearing on trial counsel's ineffectiveness was held on April 11 and 26, 2002. On the final day of the hearing, more than 150 days after Bentley's post-sentence motion was filed, the trial court granted his request for a new trial. On May 8, 2002, the Commonwealth initiated its timely appeal from the Order granting a new trial, and Bentley filed his appeal from the denial of his post-sentence motion by operation of law on April 12, 2002.

¶ 3 There is only one issue at the heart of these consolidated appeals, that is whether or not the trial court had the requisite authority, i.e., jurisdiction, to issue the April 26, 2002 Order granting Bentley's post-sentence motion for new trial. Because the trial court failed to act within the prescribed time period, the Commonwealth contends the post-sentence motion was deemed denied by operation of law and the trial court lost jurisdiction to consider the matter. In response, Bentley contends Rule 720 does not constitute a jurisdictional bar, and the trial court's delay in ruling on his post-sentence motion is inconsequential and excusable. For the following reasons, we agree with the Commonwealth's position.

¶ 4 Pennsylvania Rule of Criminal Procedure 720, in pertinent part, reads:

**(B) Optional Post–Sentence Motion.**

\* \* \*

(3) Time limits for Decision on Motion.

The judge shall not vacate sentence pending decision on the post-sentence motion, but shall decide the motion as provided in this paragraph.

(a) Except as provided in Paragraph (B)(3)(b), the judge shall decide the post-sentence motion, including any supplemental motion, within 120 days of the filing of the motion. If the judge fails to decide the motion within 120 days, or to grant an extension as provided in paragraph (B)(3)(b), the motion shall be deemed denied by operation of law.

(b) Upon motion of the defendant within the 120–day disposition period, for good cause shown, the judge may grant one 30–day extension for decision on the motion. If the judge fails to decide the motion within the 30–day extension period, the motion shall be deemed denied by operation of law.

\* \* \*

*Comment: See* Rules 622, 606, and 608.

\* \* \*

The purpose of this rule is to promote the fair and prompt disposition of all issues relating to guilty pleas, trial, and sentence by consolidating all possible motions to be submitted for trial court review, and by setting **reasonable but firm time limits** within which the motion must be decided. . . .

\* \* \*

DISPOSITION

Under paragraph (B)(3), once the defendant makes a timely written postsentence motion, the judge retains **jurisdiction** for the duration of the disposition period. . . .

Pa.R.Crim.P. 720(B)(3), *Comment* (emphasis added).

¶ 5 The plain text of Rule 720 clearly states that, at most, a trial court judge has 150 days to render a ruling on a post-sentence motion before the motion is deemed denied by operation of law. *See* Pa.R.Crim.P. 720(B)(3)(a), (b). Herein, Bentley filed his post-sentence motion on November 13, 2001; the trial court, however, did not rule on this motion until 164 days had lapsed. Bentley, however, argues the passage of more than 150 days

after the filing of the post-sentence motion is not a controlling factual event in this case because the time limitations set forth in Rule 720 do not operate as an unbending mechanical "jurisdictional bar". More specifically, Bentley contends these time limitations are similar to a statute of limitations subject to equitable tolling in situations like this one where the post-sentence motion was timely filed and the ruling on the motion was delayed due to extraordinary circumstances. Although we find this argument intriguing, it lacks merit.[4]

¶ 6 Subsections 720(B)(3)(a) and 720(B)(3)(b) make it abundantly clear that time is of the essence in that a court's failure to rule on a post-sentence motion within the prescribed time period equates to denial of such motion "by operation of law." Pa.R.Crim.P. 720(B)(3)(a), (b). Our reading of the *Comment* section of Rule 720 further convinces us that time is of utmost importance. The mission of Rule 720 is "to promote the fair and prompt disposition of all issues relating to guilty pleas, trial, and sentence." Pa.R.Crim.P. 720, *Comment.* To obtain these objectives, Rule 720 imposes "firm time limits" on trial court judges to deliberate on pending post-sentence motions. *Id.* In fact, a trial court judge's legal authority to even entertain such motions is entirely contingent upon his/her compliance with the time requirements set forth in Rule 720 as they are jurisdictional in nature. The above quoted portion of the Rule 720 *Comment* titled "DISPOSITION" explicitly states that a trial court's authority to rule on a

post-sentence motion is finite in nature. To be more specific, a trial court "retains jurisdiction" to rule on a post-sentence motion only "for the duration of the disposition period" as set forth in subsection 720(B)(3). Pa.R.Crim.P. 720, *Comment,* "DISPOSITION". As such, we conclude the trial court's inability to render a ruling on Bentley's motion within the prescribed time period divested the court of jurisdiction to render a decision at a later date.

¶ 7 Our interpretation of Rule 720 is solidly supported by the prevailing case law. In *Commonwealth v. Santone,* 757 A.2d 963 (Pa.Super.2000), this Court held a trial court's modification Order issued beyond the time period set forth in Rule 1410, renumbered Rule 720 (amended March 1, 2000, effective April 1, 2001), was a legal nullity because the court no longer had jurisdiction to issue the modification Order. Accordingly, as jurisdiction goes to a court's fundamental authority to entertain claims, the trial court herein had no authority to hand down the April 26, 2002 Order granting Bentley's motion for new trial. *See Santone, supra* at 966.

¶ 8 Order vacated and case remanded for reinstatement of original sentence. Following reinstatement, Bentley may file a notice of appeal if desired.

¶ 9 The appeal at No. 1596 EDA 2002 is quashed.[5]

¶ 10 Jurisdiction relinquished.

¶ 11 GRACI, J., joins and files a Concurring Opinion.

---

4. As a result of Bentley's apparent neglect to move for a 30–day extension, it technically appears the trial court's Order granting the 30–day extension to decide the post-sentence motion was entered improperly on its own initiative. *See* Pa.R.Crim.P. 720(B)(3)(b). Accordingly, Bentley's post-sentence motion for new trial court was deemed denied by operation of law on March 13, 2002, 120 days

after the motion was filed. Giving Bentley the benefit of every doubt, however, we review this appeal in its present posture.

5. In his appeal, defendant argued in response to the Commonwealth's appeal only that the trial court had jurisdiction to grant his post-sentence motion for a new trial. On this

CONCURRING OPINION BY GRACI, J.:

¶1 I join the thoughtful and thorough opinion of the majority as I understand the effect of its order is to put this case back in the posture as though the clerk of quarter sessions had carried out its responsibility (which will be discussed below) and issued an order denying Bentley's post-sentence motion by operation of law. Upon remand, Bentley will be entitled to file a notice of appeal to this Court. He will not be able to file another post-sentence motion. That he has already done and it was denied by operation of law. At that point, the case will be governed by the procedures we recently outlined in *Commonwealth v. Kohan*, 825 A.2d 702 (Pa.Super.2003). There we explained:

Once an appeal has been taken, except in limited circumstances not present here, a trial court may no longer take any substantive action in a case. Pa. R.A.P. 1701(a); *Commonwealth v. Pearson*, 454 Pa.Super. 313, 685 A.2d 551, 557 (1996) (*en banc*). At that point, however, the trial court is required to write an opinion setting forth the reasons for its order or other matters appealed from if the reasons do not already appear in the record. Pa.R.A.P. 1925(a); *K–B Building Co. v. Hermara Associates, Inc.*, 709 A.2d 918, 919 (Pa.Super.1998). The trial court may not enter any kind of an order on the claims but may indicate how it would have acted if permitted to do so. *Id.* (though trial court had failed to timely act on post-trial motions before judgment was entered as permitted by the

rules, court was still required to issue non-dispositive opinion under Rule 1925).

*Commonwealth v. Kohan*, 825 A.2d at 706 (footnote omitted). Under this rational, the learned trial court will be able to explain why it would have granted Bentley a new trial if it had the authority to do so, but it will be without jurisdiction to grant that relief.

¶2 I note that we have recently held that this Court will entertain claims of ineffective assistance of counsel on direct appeal if such claims are raised in a timely post-sentence motion and ruled upon by the trial court.[6] *Commonwealth v. Hudson*, 820 A.2d 720, 727 (Pa.Super.2003) ("[*Commonwealth v.*] *Grant* [, 572 Pa. 48, 813 A.2d 726 (Pa.2002)] simply has no application where the issue was properly raised and decided by the trial court before the direct appeal process started"). *See also Commonwealth v. Bomar*, 826 A.2d 831 (Pa.2003) (referring to this circumstance as an exception to the general rule of deferral in *Grant*). Here, there seems to be no issue concerning the timeliness of the ineffective assistance claims raised in the trial court. What was untimely, as the majority properly determines, was the disposition of the claim. No court has yet determined the question presented here, namely: where a timely post sentence motion challenges the effectiveness of trial counsel but the motion is deemed denied by operation of law, may the ineffectiveness issue be raised and addressed on direct appeal. This question is compounded by the fact that the evidentia-

---

basis defendant was not an aggrieved party and his appeal is quashed.

**6.** The Pennsylvania Rules of Criminal Procedure provide for the amendment or supplementation of timely filed post-sentence motions in the trial judge's discretion "as long as the decision on the supplemental motion can

be made in compliance with the time limits of paragraph (B)(3)." Pa.R.Crim.P. 720(B)(1)(b). Here, it appears that the trial court allowed the supplemental motion but, as the majority concludes, did not decide it within the appropriate time limit.

ry hearings that were conducted in this case (and which *Grant* recognized are frequently needed when dealing with claims of ineffective assistance of trial counsel) were conducted after the trial court lost jurisdiction over this case by operation of law as the majority appropriately points out. Opinion, at 670 n. 4. Resolution of this question is beyond the reach of this opinion and will have to await another day.[7]

¶ 3 I also note that while I agree that the trial court's order was a nullity because it was entered beyond the time limit of Rule 720, there was no appealable order entered in this case until the trial court's order was entered. *Commonwealth v. Santone*, 757 A.2d 963, 966 (Pa.Super.2000); *Commonwealth v. Braykovich*, 444 Pa.Super. 397, 664 A.2d 133, 135 (1995); *Commonwealth v. Khalil*, 806 A.2d 415, 418 (Pa.Super.2002).

¶ 4 Rule 720 is very clear. The trial judge must decide a timely filed post-sentence motion or grant a motion to extend that 120–day limit for 30 days within 120 days of the filing of the post-sentence motion. Pa.R.Crim.P. 720(B)(3)(a). If an extension is properly sought and granted (the rule does not allow *sua sponte* extensions), the post-sentence motion must be decided before the end of the extended period but in no event more than 150 days from the date the motion was filed. *Id.* If the judge fails to decide the motion within the applicable time, the Rule provides, in mandatory terms, "the motion shall be deemed denied by operation of law." Pa. R.Crim.P. 720(B)(3)(a)(b). Any action the judge takes thereafter is a nullity. *Santone*, 757 A.2d at 966. However, the parties are hamstrung until an order is entered as no appeal may be initiated until a final order is entered.

¶ 5 The Rule is clear in this regard, as well. Once a post-sentence motion is deemed denied by operation of law under Rule 720(B)(3)(a) or Rule 720(B)(3)(b), the Rule requires, again in mandatory terms, that "the clerk of courts shall forthwith enter an order on behalf of the court, and shall forthwith a copy of the order by mail or personal delivery to the attorney for the Commonwealth, the defendant(s), and defense counsel that the post-sentence motion is deemed denied." Pa.R.Crim.P. 720(B)(3)(c).[8] It is from that order that any appeal would be perfected by the aggrieved defendant.

¶ 6 It seems clear that by twice using the word "forthwith," the Supreme Court, in promulgating Rule 720, expected the clerks of court to be vigilant in carrying out their mandatory obligations under this Rule.[9] In my short time on the bench (and during my years as an appellate practitioner before then) it has frequently oc-

---

7. I note that Bentley recognizes the potential implications of *Grant* from our disposition along with the possibility that his claims would have to await review under the Post Conviction Review Act ("PCRA"), 42 Pa. C.S.A. §§ 9541 *et seq.* Brief/Reply Brief for Appellee/Cross–Appellant, at 11–12. Without deciding that issue, it appears to me that there is nothing in or resolution of this case which allows Bentley to file an appeal "if he desires" that would preclude Bentley from filing a PCRA petition raising his ineffective assistance claims upon this Court's remand if that is the litigation strategy he chooses.

8. *See also,* Pa.R.Crim.P. 721(D).

9. Here, the Reproduced Record accompanying the Commonwealth's Brief contains notes to the trial court indicating an awareness of this obligation which state that the post-sentence motions will be denied by operation of law on March 13, 2002. Even if the trial court's improper order extending the date for the disposition of the motions is considered, the order denying the motions by operation of law was not entered upon the expiration of that time as Rule 720 clearly mandates.

curred to me that this rule is honored much more in its breach than in its observance.

¶ 7 With these thoughts, I join the Opinion of the majority.