**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KEVIN GREEN, | |
| Appellant | No. 3045 EDA 2017 |

Appeal from the PCRA Order Entered September 15, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0005944-2015

BEFORE:  BENDER, P.J.E., STABILE, J., and PLATT, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                **FILED JUNE 25 2018**

Appellant, Kevin Green, appeals from the post-conviction court's order denying his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  Appellant contends that the PCRA court erred by dismissing this portion of his petition, wherein he requested that his post-sentence motion rights be reinstated *nunc pro tunc* based on the ineffective assistance of his trial counsel.  Additionally, Appellant's counsel, James R. Lloyd, III, Esq., has filed a petition to withdraw from representing Appellant, along with an ***Anders***[1] brief.  While a ***Turner/Finley***[2] no-merit letter is the

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] ***Anders v. California***, 386 U.S. 738 (1967).

[2] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

appropriate filing when counsel seeks to withdraw on appeal from the denial of PCRA relief, we will accept Attorney Lloyd's *Anders* brief in lieu of a *Turner/Finley* no-merit letter. *See Commonwealth v. Widgins*, 29 A.3d 816, 817 n.2 (Pa. Super. 2011) ("Because an *Anders* brief provides greater protection to a defendant, this Court may accept an *Anders* brief in lieu of a *Turner/Finley* letter.") (citation omitted). After careful review, we quash this appeal and grant Attorney Lloyd's petition to withdraw.

The facts of Appellant's underlying conviction are not necessary to our disposition of his present appeal. We need only note that after his conviction and sentencing proceeding, Appellant neither filed a post-sentence motion, nor a direct appeal. On January 3, 2017, Appellant filed a timely PCRA petition, arguing that his trial counsel had acted ineffectively by not filing a post-sentence motion or a direct appeal on his behalf. PCRA counsel was appointed, and thereafter filed an amended petition. The Commonwealth filed a response, stating that it agreed with the reinstatement of Appellant's direct appeal rights, but asking that the court dismiss Appellant's petition to the extent he requested the reinstatement of his post-sentence motion rights, as Appellant had failed to demonstrate that the trial court "would have reduced his sentence in response to the motion." Commonwealth's Response to PCRA Petition, 6/21/17, at 2 (citing *Commonwealth v. Reaves*, 923 A.2d 1119, 1127, 1131-32 (Pa. 2007)).

After the PCRA court heard brief oral arguments on August 3, 2017, it issued two orders on August 4, 2017, one granting Appellant leave to file a

- 2 -

direct appeal *nunc pro tunc*, and the other denying his request to file a post-sentence motion.  On August 8, 2017, Appellant filed a *nunc pro tunc* appeal from his May 26, 2016 judgment of sentence.  He did not file an appeal from the PCRA court's order denying his petition to the extent that he requested his post-sentence motion rights be restored.

On September 15, 2017, despite the pendency of Appellant's appeal from his judgment of sentence, the PCRA court conducted another brief proceeding, and then issued an order granting the Commonwealth's motion to dismiss Appellant's petition regarding his request for the reinstatement of his post-sentence motion rights.  On September 18, 2017, Appellant filed the present appeal from that September 15, 2017 order.

On January 23, 2018, Attorney Lloyd filed a petition to withdraw and an **Anders** brief, claiming that the following issue that Appellant seeks to raise herein is frivolous:

> Did the PCRA [c]ourt err when it dismissed [Appellant's] PCRA petition seeking reinstatement of his right to pursue a post-sentence motion seeking reconsideration of sentence *nunc pro tunc* where the trial court (which also presided as the PCRA court) expressly stated that there is not a reasonable possibility that the motion would have resulted in a reduction of the sentence imposed?

**Anders** Brief at 5.  Accordingly,

> this Court must first pass upon counsel's petition to withdraw before reviewing the merits of the underlying issues presented by [the appellant]. ***Commonwealth v. Goodwin***, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*).

- 3 -

Prior to withdrawing as counsel on a direct appeal under ***Anders,*** counsel must file a brief that meets the requirements established by our Supreme Court in ***Santiago.*** The brief must:

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago,*** 978 A.2d at 361. Counsel also must provide a copy of the ***Anders*** brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed pro se on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the ***Anders*** brief." ***Commonwealth v. Nischan,*** 928 A.2d 349, 353 (Pa. Super. 2007), *appeal denied*, 594 Pa. 704, 936 A.2d 40 (2007).

***Commonwealth v. Orellana***, 86 A.3d 877, 879-80 (Pa. Super. 2014). After determining that counsel has satisfied these technical requirements of ***Anders*** and ***Santiago***, this Court must then "conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." ***Commonwealth v. Flowers***, 113 A.3d 1246, 1250 (Pa. Super. 2015) (citations and footnote omitted).

In this case, Attorney Lloyd's ***Anders*** brief complies with the above-stated requirements. Namely, he includes a summary of the relevant factual and procedural history, he refers to portions of the record that could arguably support Appellant's claim, and he sets forth his conclusion that Appellant's

appeal is frivolous. He also explains his reasons for reaching that determination, and supports his rationale with citations to the record and pertinent legal authority. Attorney Lloyd states in his petition to withdraw that he supplied Appellant with a copy of his **Anders** brief. Additionally, he attached to his petition to withdraw a letter directed to Appellant, in which he informs Appellant of the rights enumerated in **Nischan**. Accordingly, counsel has complied with the technical requirements for withdrawal.

However, we cannot review the merits of the issue Appellant seeks to raise herein, as he has appealed from an order that is a legal nullity. As stated, *supra*, on August 4, 2017, the PCRA court issued two orders, which essentially granted in part, and denied in part, Appellant's PCRA petition. On August 8, 2017, Appellant filed a timely notice of appeal from his judgment of sentence, thus divesting the PCRA court of jurisdiction to proceed further in this case. **See Commonwealth v. Pearson**, 685 A.2d 551, 556-57 (Pa. Super. 1996) (stating that, pursuant to Pa.R.A.P. 1701(a), generally, once a notice of appeal is filed, the trial court is divested of jurisdiction to act further in the matter). Consequently, the court's September 15, 2017 order is a legal nullity from which the present appeal cannot stem. **See Commonwealth v. Bentley**, 831 A.2d 668, 670 (Pa. Super. 2003) (considering an order a legality nullity where the trial court did not have jurisdiction to enter it). Accordingly, we quash Appellant's appeal and grant Attorney Lloyd's petition to withdraw.

Appeal quashed. Petition to withdraw granted. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/25/18