J-A10023-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MICHAEL MASSEY | : | |
| | : | |
| Appellant | : | No. 804 EDA 2023 |

Appeal from the Judgment of Sentence Entered September 29, 2006
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0203791-2006

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MICHAEL MASSEY | : | |
| | : | |
| Appellant | : | No. 805 EDA 2023 |

Appeal from the Judgment of Sentence Entered September 29, 2006
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0203831-2006

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MICHAEL MASSEY | : | |
| | : | |
| Appellant | : | No. 806 EDA 2023 |

Appeal from the Judgment of Sentence Entered September 29, 2006
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0203961-2006

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |

:
    v.          :
:
:
MICHAEL MASSEY       :
:
    Appellant    :  No. 807 EDA 2023

Appeal from the Judgment of Sentence Entered September 29, 2006
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0203981-2006

COMMONWEALTH OF PENNSYLVANIA :  IN THE SUPERIOR COURT OF
             :     PENNSYLVANIA
:
    v.          :
:
:
MICHAEL MASSEY       :
:
    Appellant    :  No. 808 EDA 2023

Appeal from the Judgment of Sentence Entered September 29, 2006
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0203991-2006

COMMONWEALTH OF PENNSYLVANIA :  IN THE SUPERIOR COURT OF
             :     PENNSYLVANIA
:
    v.          :
:
:
MICHAEL MASSEY       :
:
    Appellant    :  No. 809 EDA 2023

Appeal from the Judgment of Sentence Entered September 29, 2006
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0204001-2006

COMMONWEALTH OF PENNSYLVANIA :  IN THE SUPERIOR COURT OF
             :     PENNSYLVANIA
:
    v.          :
:
:

| MICHAEL MASSEY | : | |
| | : | |
| Appellant | : | No. 810 EDA 2023 |

Appeal from the Judgment of Sentence Entered September 29, 2006
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0204011-2006

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL MASSEY | : | |
| | : | |
| Appellant | : | No. 811 EDA 2023 |

Appeal from the Judgment of Sentence Entered September 29, 2006
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0204031-2006

BEFORE:   PANELLA, P.J.E., BECK, J., and COLINS, J.[*]

MEMORANDUM BY BECK, J.:                           **FILED AUGUST 08, 2024**

Michael Massey ("Massey") appeals from the judgment of sentence entered by the Philadelphia County Court of Common Pleas following his open guilty plea to four counts each of rape and sexual assault; three counts of attempted rape; two counts each of involuntary deviate sexual intercourse and possessing an instrument of crime; six counts of aggravated assault; seven counts of indecent assault; eight counts each of simple assault, unlawful restraint, and false imprisonment; and one count each of terroristic threats, robbery, theft by unlawful taking, indecent exposure, and receiving stolen

_____

[*] Retired Senior Judge assigned to the Superior Court.

- 3 -

property, arising out of numerous cases. On appeal, he raises several challenges to the sentence imposed following decision on his post-sentence motion. After careful review, we affirm.

Based upon the issues raised and how we resolve this case, a full recitation of the underlying facts is unnecessary. It is sufficient to state that from July through September 2005, at the age of fourteen, Massey committed a litany of sex crimes against young women and girls, the majority of whom were strangers to him. On September 29, 2006, the Honorable Pamela Dembe sentenced Massey to an aggregate term of thirty to sixty years of incarceration. By decision issued on September 28, 2012, this Court reinstated Massey's post-sentence motion and direct appeal rights nunc pro tunc. **Commonwealth v. Massey**, 2458 EDA 2011 (Pa. Super. Sept. 28, 2012) (non-precedential decision).

Massey timely filed a post-sentence motion on October 9, 2012.[1] Therein, Massey contended that his sentence was cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution and Article I, Section 13 of the Pennsylvania Constitution based

---

[1]  A criminal defendant has ten days following the imposition of sentence to file a timely post-sentence motion. Pa.R.Crim.P. 720(a)(1). "Whenever the last day of any such period shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation." 1 Pa.C.S. § 1908. Here, the tenth day fell on October 8, 2012, Columbus Day, and therefore the post-sentence motion filed on October 9, 2012 was timely.

upon his age at the time he committed the offenses and his amenability to treatment, relying on, inter alia, the United States Supreme Court's decision in ***Miller v. Alabama***, 567 U.S. 460 (2012). Post-Sentence Motion, 10/9/2012, ¶¶ 10-12. The record reflects that on October 11, 2012, Judge Dembe received a notice from the Philadelphia Court of Common Pleas Post-Trial Unit, which indicated that "[p]ursuant to Pa. Rules [sic] of Criminal Procedure No. 720 (B)(3), this motion will be dismissed by Operation of Law on 2/6/13." Notice, 10/11/2012.

The docket reflects the scheduling and continuance of several status conferences throughout January 2013, but the orders do not appear in the record. The next filing of record is a supplemental post-trial motion filed by Massey on March 14, 2013. Therein, Massey raises the same claim as he did in his originally filed post-sentence motion, but additionally states:

> Counsel requested additional time to obtain the court record of the defendant's psychological evaluations and the court transcripts that reference the psychological evaluations. Counsel requested additional time to file a supplemental post-sentence motion and memorandum of law. The defendant requested an extension for a decision on the post-sentence motion [p]ursuant to Pa.R.Crim.P. 720(b)(3)(b) for good cause.

Supplemental Post-Sentence Motion, 3/14/2013, ¶ 13. Massey requested that the court hold an evidentiary hearing and resentence him. The Commonwealth filed a response in opposition on April 22, 2013, addressing the merits of the claims raised in the motion.

On May 2, 2013, Judge Dembe issued an order scheduling a hearing on Massey's motion for May 21, 2013. It appears the court held argument on that date and scheduled the evidentiary hearing for February 3, 2014. Massey was not brought down for the February 3, 2014 hearing, but following an off-the-record discussion with the Commonwealth and counsel for Massey, Judge Dembe stated on the record that the court and the parties wanted to ensure that Massey obtained psychological treatment, and that "both counsel agree that the best thing would be for [Massey] to go SCI Cresson." N.T., 2/3/2014, at 10. Judge Dembe issued the agreed-upon order on March 7, 2014, "recommend[ing] that [] Massey … be transferred to SCI Cresson in order to obtain psychiatric-psychological sex offender treatment." Order, 3/7/2014. The order further stated that Massey waived his "[s]peedy [s]entencing" rights under Rule 704 "and the time deadlines for a ruling to be made on defendant's post[-]sentence and/or supplemental post[-]sentence motions," and that the assistant district attorney representing the Commonwealth "agrees with the terms of the order." *Id.*

There were a number of filings that occurred after the February 3, 2014 proceeding, including a second supplemental post-sentence motion filed by Massey filed on June 5, 2015. In this motion, counsel for Massey indicated that SCI Cresson had closed in June of 2013 and there were no other facilities that could provide the treatment ordered by the court in its March 7, 2014 order. Counsel further referenced a settlement agreement entered by the

Commonwealth in ***Disability Rights Network of Pa. v. Wetzel***, No. 3:13-CV-00635 (M.D. Pa. 2015), wherein the Commonwealth has agreed to provide mental health services to inmates who suffer from serious mental illness and stated that the Department of Corrections was working to establish such programs. Counsel closed the motion, requesting a continuance for "continued … compliance" with the March 7, 2014 order. Second Supplemental Post-Trial Motion, 6/5/2015. Judge Dembe granted the motion on June 16, 2015, continuing the matter for compliance with the March 7, 2014 order.

Following Judge Dembe's retirement, counsel for Massey sought the appointment of a new judge in a motion filed December 15, 2015. Counsel subsequently withdrew and new counsel was appointed to represent Massey. At the next listing, which occurred on December 11, 2018, before the Honorable Leon W. Tucker, new counsel incorrectly informed the court that Judge Dembe had "vacated" Massey's judgment of sentence "and certain conditions or certain programs were ordered by Judge Dembe to be performed by the prison on [] Massey before he would be resentenced." N.T., 12/11/2018, at 4. Counsel represented that the hearing in question was to resentence Massey. ***Id.*** Counsel also represented to the court that the case was "kind of in the same posture" as a juvenile sentenced to serve a term of life without the possibility of parole, and requested that the trial court "order the same packet of materials" the court would order for a juvenile serving a

life sentence. *Id.* Based on this information, Judge Tucker continued the matter for resentencing to be held on March 12, 2018. *Id.* at 9.

After a series of continuances, Massey filed a pro se motion on February 5, 2020, seeking the removal of his appointed counsel and the appointment of new counsel. The Honorable Roxanne Covington, newly assigned to the matter, granted this motion on January 27, 2022.

Judge Covington ultimately convened a hearing on October 19, 2022. After hearing from several witnesses, including Massey, and the arguments of counsel (with both counsel for Massey and the Commonwealth arguing the merits of Massey's post-sentence motion),[2] Judge Covington took the matter under advisement so that Massey could be reevaluated. *See* N.T., 10/19/2022, at 76-77. The parties agreed that Massey would "have some of the assessments redone that were used at the original sentencing," including "a psycho-sexual risk assessment evaluation to be performed by an M.D.

---

[2] Counsel for Massey sought reduction of his sentence, as the Department of Corrections limited the availability of sex offender treatment to two years prior to the completion of his minimum term of incarceration (which, at the time of the hearing, meant that such treatment was unavailable for another twelve years). N.T., 10/19/2022, at 10-11. It was Massey's position that the court should grant his post-sentence motion and resentence him to "time served with probation," or, in the alternative, to ten to twenty years of incarceration "so that he would be immediately eligible for [sex offender] treatment in the prison." *Id.* at 12. The Commonwealth opposed Massey's request, asserting that a reduction of his sentence was not warranted and noted that Massey had already admitted into sexual offender treatment as a result of Judge Dembe's order, but "due to his behavior, he wasn't able to successfully complete the program." *Id.* at 56-57.

psychiatrist" and reassessment by the Sexual Offenders Assessment Board. *Id.* at 77; Order, 10/19/2022; Order 10/21/2022.

Judge Covington held a second evidentiary hearing on February 27, 2023. The following day, Judge Covington entered an order denying Massey's post-sentence motion, requiring his "[o]riginal sentence to stand," and noting that he is not required to register under the Sexual Offender Registration and Notification Act (SORNA) because he was a minor at the time of his offenses. Order, 2/28/2023. This timely appeal followed.

Massey raises three issues for our review:

I. Whether Judge Covington erred when she imposed a sentence contrary to the terms and conditions of Judge Dembe's orders dated March 7, 2014 and June 16, 2015 granting resentencing and recommending that [] Massey be given the benefit of appropriate psychiatric and psychological treatment for his mental disorder before resentencing?

II. Whether Judge Covington erred when she relied on outdated information developed in the year 2005 contained in the [sexually violent predator] assessment instead of remanding for a de novo [sic] to determine whether [] Massey presents a lower risk of recidivism than he did back in the year 2005 when he was 14 years old and engaged in sexually deviant misconduct?

III. Whether Judge Covington violated substantive due process and unconstitutionally applied an irrebuttable presumption of recidivism to [] Massey who was 32 years old at the time of resentencing, but 14 years[] old at the time he engaged in the rapes and where statistics show that juveniles have a lower rate of recidivism than adults convicted of the same sexual misconduct? See In re J.B.[,] 630 PA 408, 427, 107 A[.]3d 1, 13 (P[a.] 2014) [(]Recidivism rate for juvenile sexual offenders is less than two percent[)]

Massey's Brief at 1-2 (bracketed material added; emphasis omitted).

Prior to considering the merits of the issues raised, we must first address the Commonwealth's contention that Massey improperly appeals from the denial of his motion to reconsider, which is not an appealable order, depriving this Court of jurisdiction. **See** Commonwealth's Brief at 13-15.

"In cases where no post-sentence motions are filed, … a defendant must file an appeal within 30 days of imposition of sentence in open court." **Commonwealth v. Capaldi**, 112 A.3d 1242, 1244 (Pa. Super. 2015) (citing Pa.R.Crim.P. 720(A)(3); Pa.R.A.P. 903(c)(3)). "If a defendant files a timely post-sentence motion, the appeal period does not begin to run until the motion is decided." **Id.** (citing Pa.R.Crim.P. 720(A)(2); Pa.R.A.P. 903(a)).

> If the trial court fails to decide the motion within 120 days, the motion "shall be deemed denied by operation of law," [Pa.R.Crim.P. 720(B)(3)(a),] and "the clerk of courts shall forthwith enter an order on behalf of the court, and, as provided in [Pa.R.Crim.P. 114], forthwith shall serve a copy of the order on the attorney for the Commonwealth, the defendant's attorney, or the defendant if unrepresented, that the post-sentence motion is deemed denied." Pa.R.Crim.P. 720(B)(3)(c).

**Commonwealth v. Carter**, 122 A.3d 388, 391 (Pa. Super. 2015).

"[W]here the clerk of courts does not enter an order indicating that the post-sentence motion is denied by operation of law and notify the defendant of same, a breakdown in the court system has occurred and we will not find an appeal untimely under these circumstances." **Commonwealth v. Perry**, 820 A.2d 734, 735 (Pa. Super. 2003) (citations omitted). In such cases, the

appeals period does not begin to run until notice of the denial is sent. **Clark**, 122 A.3d at 391.

As the above recitation of the procedural history of this matter indicates, Massey's judgment of sentence was imposed on September 29, 2006. Following our remand for the filing of post-sentence motions nunc pro tunc, Massey timely complied. The court below never entered any order concerning the motion (either deciding it or issuing an order denying it by operation of law) until February 27, 2023, and Massey filed a notice of appeal within thirty days of that decision.

As the Commonwealth recognizes, the court below failed to comply with Rule 720; the court issued its first notice that Massey's post-sentence motion had been denied on February 28, 2023. **See** Commonwealth's Brief at 13 n.4. Therefore, Massey's appeal, filed on March 19, 2023, is properly taken from the September 29, 2006 judgment of sentence and is deemed timely based upon the breakdown in the court system that occurred. **See Perry**, 820 A.2d at 735.

However, there is an additional jurisdictional question that we must address.[3] As stated above, pursuant to Rule 720, the trial court has 120 days to decide a timely filed post-sentence motion. Pa.R.Crim.P. 720(B)(3)(a). The

---

[3] Although not raised by either party, the law is clear that an appellate court "may raise issues concerning jurisdiction *sua sponte*." **Commonwealth v. Gentry**, 101 A.3d 813, 816 (Pa. Super. 2014) (citation omitted).

trial court is authorized, "[u]pon motion of the defendant within the 120-day disposition period, for good cause shown," to "grant **one 30-day extension** for decision on the motion. If the judge fails to decide the motion within the 30-day extension period, the motion shall be deemed denied by operation of law." Pa.R.Crim.P. 720(B)(3)(c) (emphasis added).

In the case at bar, Massey filed his post-sentence motion on October 9, 2012. Although it does not appear of record, in his supplemental post-sentence motion, he suggests that he requested an extension of time for decision on the post-sentence motion. Assuming that representation is true, and that Judge Dembe granted this request, the trial court had 150 days, until March 8, 2013, to rule upon Massey's post-trial motion. Even giving Massey the benefit of every possible inference in his favor, the first order addressing his post-trial motion was not issued by Judge Dembe until March 7, 2014—a year after the timeframe provided by Rule 720 allowed.

This Court has observed that the plain language of Rule 720(B) "states that, at most a trial court judge has 150 days to render a ruling on a post-sentence motion before the motion is deemed denied by operation of law." *Commonwealth v. Bentley*, 831 A.2d 668, 669 (Pa. Super. 2003).

> Subsections 720(B)(3)(a) and 720(B)(3)(b) make it abundantly clear that time is of the essence in that a court's failure to rule on a post-sentence motion within the prescribed time period equates to denial of such motion "by operation of law." Pa.R.Crim.P. 720(B)(3)(a), (b). Our reading of the *Comment* section of Rule 720 further convinces us that time is of utmost importance. The mission of Rule 720 is "to promote the fair and prompt disposition

- 12 -

of all issues relating to guilty pleas, trial, and sentence." Pa.R.Crim.P. 720, *Comment.* To obtain these objectives, Rule 720 imposes "firm time limits" on trial court judges to deliberate on pending post-sentence motions. *Id.* In fact, a trial court judge's legal authority to even entertain such motions is entirely contingent upon his/her compliance with the time requirements set forth in Rule 720 as they are jurisdictional in nature.

*Id.* at 670. Accordingly, we have consistently held that "an order issued by the trial court after expiration of the … time limit [imposed by Rule 720], resulting in the denial of the post-sentence motion by operation of law, is a legal nullity due to the court's lack of jurisdiction. *Commonwealth v. Martinez*, 141 A.3d 485, 490 (Pa. Super. 2016) (citations omitted); *see also Bentley*, 831 A.2d at 670 (recognizing that "jurisdiction goes to a court's fundamental authority to entertain claims," and finding that the trial court lacked authority to issue an order deciding the defendant's post-trial motion beyond the timeframe allowed under Rule 720).

Each issue raised by Massey before this Court addresses claims of error directed to Judge Covington's February 28, 2023 decision; none relate to the propriety of the trial court's original sentencing decision in 2006 or the claim raised in his October 9, 2012 post-sentence motion. The 2006 sentencing decision is the only order properly before this Court for consideration, and we cannot address claims related to Judge Covington's February 28, 2023 decision. *See Martinez*, 141 A.3d at 490; *Bentley*, 831 A.2d at 670. Thus, we affirm Massey's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/8/2024