J-A19039-25

2026 PA Super 3

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
DOUGLAS CARL ALBERT :
:
Appellant : No. 609 WDA 2024

Appeal from the Judgment of Sentence Entered December 15, 2023
In the Court of Common Pleas of Clearfield County Criminal Division at
No(s): CP-17-CR-0000730-2022

BEFORE: BOWES, J., STABILE, J., and BENDER, P.J.E.

OPINION BY BOWES, J.: **FILED: JANUARY 8, 2026**

Douglas Carl Albert appeals from the aggregate sentence of fifteen and one-half to thirty-one years of incarceration imposed after a jury convicted him of rape, involuntary deviate sexual intercourse ("IDSI"), aggravated indecent assault, and two counts each of sexual assault and indecent assault. We affirm the convictions, vacate the sentence in part, and remand for further proceedings.

Appellant's convictions stem from the March 31, 2021 sexual assault of then-eighteen-year-old C.K. ("Victim"), an acquaintance of Appellant's neighbor. Victim testified during the trial that she was sleeping in the bedroom of her friend's locked apartment following a night of social drinking. She awoke to the find Appellant, who possessed a key to the apartment, fondling

her genitals while she was lying on her side facing away from him. N.T. Jury Trial (Day 1), 9/6/23, at 55-57, 61. While Appellant was positioned behind her, he penetrated her vagina and anus digitally, pulled her panties aside, licked her anus, and placing his hands on her hips, inserted his penis into her anus. *Id*. at 57. Frightened, Victim did not face Appellant or react during the sexual assault. *Id*. at 58. Similarly, she did not recall how long she endured the ordeal, but when Appellant eventually stopped, she observed his countenance reflected on the television screen as he left the bedroom. *Id*. at 62.

The Commonwealth charged Appellant with various sex offenses, including two counts each of rape, IDSI, and sexual assault. A jury convicted Appellant of the above-listed offenses and the trial court imposed the noted judgment of sentence, which included consecutive terms of five to ten years of imprisonment for rape and IDSI, both first degree felonies, and three to six years for each of two second-degree felony sexual assaults.[1] The sexual

_____

[1] As Victim was awake during the ordeal, the jury acquitted Appellant of Rape—person unconscious and IDSI-person unconscious, respectively. The trial court outlined the remainder of the sentence thusly:

> [O]n the charge of Aggravated Indecent Assault to a period of thirty months to five years, plus a consecutive three year period of probation, to be served consecutive to the Sexual Assault counts; on the Indecent Assault-Unconscious or Unaware charge, [Appellant] was sentenced to a period of six months to two years [imprisonment] plus a three year period of probation to be served concurrent to the charge of Aggravated Indecent Assault; and on

*(Footnote Continued Next Page)*

assault sentences were imposed concurrent to each other, but consecutive to IDSI. Appellant timely filed a post-sentence motion that argued in favor of a judgment of acquittal or a new trial and asserted that Rape, IDSI, and both counts of sexual assault should have merged for the purposes of sentencing. Following argument, the court ordered the parties to submit briefs on the issue of merger. The post-sentence motion was ultimately denied by operation of law pursuant to Pa.R.Crim.P. 720(B)(3)(a), and this timely appeal ensued.[2]

Appellant complied with the trial court's directive to file a concise statement of errors complained of on appeal, raising several issues. He presents two of those claims as follows:

> 1.    Did the trial court err by failing to merge for sentencing purposes the offenses of Rape, IDSI, and sexual assault (two

_____

> the charge of Indecent Assault- Without Consent, [Appellant] was sentenced to a period of two (2) years probation to be served concurrent to the Rape[.]

Trial Court Opinion, 7/9/24, at 1-2 (cleaned up).

[2] After the motion was denied by operation of law, the trial court issued an order purporting to deny relief as to the merger of rape and IDSI for the purpose of sentencing but, noting the Commonwealth's concession as to the two counts of sexual assault merging with rape and IDSI, respectively, the court granted relief in part and scheduled resentencing. As the trial court was divested of jurisdiction to decide the post-sentence motion following the application of Pa.R.Crim.P. 720(B)(3)(a), those orders are legal nullities. **See Commonwealth v. Bentley**, 831 A.2d 668 (Pa.Super. 2003) (trial court could not grant appellant's post sentence motion more than 120 days after filing, as it was divested of jurisdiction to do so); **see also Commonwealth v. Martinez**, 141 A.3d 485 (Pa.Super. 2016) (trial court could not grant Commonwealth's post-sentence motion more than 120 days after filing, as it was divested of jurisdiction to do so).

counts), where one criminal act of anal penetration by penis served as the factual basis for all four offenses?

2. [D]id the lower court err as a matter of law by failing to merge the offense of rape with sexual assault (Count 1), and the offense of IDSI with sexual assault (Count 2)?

Appellant's brief at 4 (unnecessary capitalization omitted).

Merger for the purposes of sentencing implicates a question of law that we review *de novo*. **Commonwealth v. Baldwin**, 985 A.2d 830, 833 (Pa. 2009). It is well established "that a single course of conduct may constitute a violation of more than one statutory provision." **Commonwealth v. Kriegler**, 127 A.3d 840, 844 (Pa. Super. 2015); **see also** 42 Pa.C.S. § 9303 ("[W]here the same conduct of a defendant violates more than one criminal statute, the defendant may be prosecuted under all available statutory criminal provisions without regard to the generality or specificity of the statutes."). The imposition of separate punishments for multiple convictions founded upon the same criminal act is only improper if all the statutory elements of one offense are included within the other. **See Commonwealth v. Kimmel**, 125 A.3d 1272, 1276 (Pa.Super. 2015) (*en banc*); 42 Pa.C.S. § 9765.

Our legislature addressed the merger of sentences as follows:

§ 9765. Merger of sentences

No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S. § 9765. Accordingly, "merger is appropriate only when two distinct criteria are satisfied: (1) the crimes arise from a single criminal act; and (2) all of the statutory elements of one of the offenses are included within the statutory elements of the other." *Kimmel*, 125 A.3d at 1276 (cleaned up).

Instantly, the trial court determined that the rape and IDSI convictions were based on Appellant's commission of distinct criminal acts, *i.e.*, Appellant penetrating Victim's anus with his penis and his tongue. The court reasoned that, unlike the caselaw that relates to a single criminal incident,

> In the case at bar, the charges are based upon (1) the digital penetration, both vaginal and anal; (2) oral penetration; and (3) the intercourse per anus, which constitute more than a single criminal act.

> The purpose of the [IDSI] statutes is to protect against forcible sexual penetration of the three orifices of the body by making it a crime to do any or all to the victim. The forcible sexual penetration of another person is not a free choice of the type or method of penetration desired by the perpetrator. If the perpetrator does more than one on the same occasion then the perpetrator violates different protections and different interests of the victim for which separate penalties follow. Where the victim is a woman, she may be injured by three different penetrations on the same occasion. Where each is separately charged, as here, each may be separately punished.

> *Commonwealth v. Hitchcock*, 565 A.2d 1159, 1161 (Pa. 1989).

> The charges in the case before this Court [do not implicate] a single incident of a single type of sexual act or penetration, but both anal penetration and oral sex. The charges are distinct. The rape charge, in the case at bar, arises from the anal penetration by the penis, while the IDSI charge arises from [Appellant's] mouth and tongue licking and penetrating the anus. Therefore,

- 5 -

the [c]ourt did not err by not merging the two offenses predicated off of two distinct acts.

Trial Court Opinion, 7/9/24, at 4 (cleaned up) (emphases added).[3]

Appellant contends that the trial court erred in failing to find that rape and IDSI merged for sentencing purposes. His argument has three facets. First he asserts that merger is warranted because both convictions stem from the single act of penetrating Victim's anus with his penis. Appellant's brief at 16-19. Next, he argues that, assuming that licking Victim's anus constituted a separate act of penetration, the Commonwealth failed to adduce evidence of penetration during the trial. *Id*. at 19-21. Finally, he asserts, that "[e]ven if anal penetration via tongue can satisfy the definition of 'deviate sexual intercourse' as a matter of law," the Commonwealth did not assert this behavior as the basis of the IDSI until sentencing. *Id*. at 21.

The Commonwealth counters that the trial court correctly determined that the offenses did not merge for sentencing purposes because Appellant's lingual penetration of Victim's anus constituted IDSI. Hence, it argues that

---

[3] While nonconsensual digital penetration may constitute aggravated indecent assault, it will not sustain an IDSI conviction because the sexual assault provision does not encompass digital penetration. Rather, "[a]n individual commits aggravated indecent assault when that person engages in [non-consensual] penetration, however slight, of the genitals or anus of a complainant with a part of the person's body for any purpose other than good faith medical, hygienic or law enforcement procedures[.]" ***Commonwealth v. Kelley***, 801 A.2d 551, 557 (Pa. 2002) (quoting 18 Pa.C.S. § 3125)).

the imposition of consecutive sentences was supported by the jury's verdict.

*See* Commonwealth's brief at 6-12.  For the following reasons, we agree.

Appellant was convicted of rape and IDSI.  In pertinent part, the

Pennsylvania Crimes Code defines rape thusly:

> (a)   Offense defined.--A person commits a felony of the first
>       degree when the person engages in sexual intercourse with
>       a complainant:
>
> (1)   By forcible compulsion.

18 Pa.C.S. § 3121(a)(1).  Sexual intercourse, "[i]n addition to its ordinary

meaning, includes intercourse per os or per anus, with some penetration

however slight; emission is not required." 18 Pa.C.S. § 3101.

Similarly, the Crimes Code outlines the offense of IDSI in pertinent part

as follows:

> (a) Offense defined.--A person commits a felony of the first degree
> when the person engages in deviate sexual intercourse with a
> complainant:
>
> ....
>
> (2) by threat of forcible compulsion that would prevent resistance
> by a person of reasonable resolution[.]

18 Pa.C.S. § 3123. Deviate sexual intercourse means:

> Sexual intercourse per os or per anus between human beings and
> any form of sexual intercourse with an animal. The term also
> includes penetration, however slight, of the genitals or anus of
> another person with a foreign object for any purpose other than
> good faith medical, hygienic or law enforcement procedures.

18 Pa.C.S. § 3101. As used in this definition, the term foreign object "includes any object not a part of the actor's body." *Id*.

Appellant asserts that allegedly licking Victim's anus does not constitute "deviate sexual intercourse" as defined under the statute because his tongue is not a foreign object. Appellant's brief at 17-18. He posits that unlawfully penetrating a person's anus with a non-sexual part of the actor's body, such as the tongue, constitutes aggravated indecent assault for which he was charged, tried, and convicted. As set forth above, Appellant's argument comprises cogent elements insofar as a human tongue is not a foreign object and our jurisprudence has established that IDSI does not encompass penetration of the anus by other non-sexual body parts such as an actor's finger. *See Commonwealth v. Kelley*, 801 A.2d 551, 557 (Pa. 2002) (18 Pa.C.S. § 3125)("IDSI does not encompass digital penetration").

Ultimately, however, Appellant's contention fails because the fundamental question is not whether a tongue is tantamount to a foreign object but rather whether lingual penetration of the anus constitutes "intercourse per os" as outlined in the IDSI statute. Our jurisprudence establishes that it is. First, in *Kelly*, 801 A.2d at 555-556, our High Court held that "per os" means either through or by means of the mouth. Moreover, as we highlighted in *Commonwealth v. Banniger*, 303 A.3d 1085, 1092 (Pa.Super. 2023), IDSI encompasses oral sex even though human genitalia is not covered by IDSI. We explained, "Oral sex, intercourse per os, is included

in the definitions of both sexual intercourse and deviate sexual intercourse. This includes licking a vagina." *Id*. (citing *Commonwealth v. Westcott*, 523 A.2d 1140, 1145–47 (Pa. Super. 1987) (holding "penetration of the vagina by the tongue" meets these definitions); *Interest of J.R.*, 648 A.2d 28, 33 (Pa.Super. 1994) (holding "some form of oral contact with the genitalia of the female victim" sufficient for deviate sexual intercourse, even without "actual" penetration)). Thus, in as much as IDSI includes lingual penetration of the vagina, the same reasoning extends to the lingual penetration of the perianal region for sexual gratification, *i.e.* anilingus (the "erotic stimulation achieved by contact between mouth and anus"). Meriam-Webster Online Dictionary, https://www.merriam-webster.com/dictionary (last visited 12/19/25).

As to IDSI's penetration requirement,

> in order to sustain a conviction for [IDSI], the Commonwealth must establish the perpetrator engaged in acts of oral or anal intercourse, which involved penetration however slight. In order to establish penetration, some oral contact is required. Moreover, a person can penetrate by use of the mouth or the tongue.

*Commonwealth v. L.N.*, 787 A.2d 1064, 1070 (Pa.Super. 2001) (internal citations omitted).

Appellant contends that "the Commonwealth did not establish that any contact between [his] tongue and [V]ictim's anus amounted to penetration." Appellant's brief at 19-21. Conceding that Victim testified that she recalled Appellant "licking my ass," he contends that the factual record is nevertheless insufficient because that testimony did not establish that Appellant's tongue

penetrated her anus.  ***Id***. at 21.  Stated simply, this degree of penetration is not required.

While penetration requires some oral contact, there is no legal authority to support Appellant's conclusion that it demands evidence that Appellant's tongue protruded into the posterior opening of Appellant's alimentary canal. Any doubt on this point vanishes in light of our prior holding that evidence that a defendant licked his victim's penis was sufficient to uphold an IDSI conviction.  We reasoned,

> [t]here is no dispute here that the acts performed upon the victim constitute oral intercourse. Specifically, we find the oral contact between the Appellant's tongue with the victim's penis met the penetration requirement.
>
> . . . .
>
> In the present case, the victim testified the Appellant pulled the victim's pants and underwear to his ankles and made him lie down on the floor. The Appellant then got on top of the victim and licked his penis. Based upon our review, we find the evidence sufficiently established penetration, "however slight," when the Appellant's tongue made contact with the victim's penis.
>
> Moreover, any other interpretation would strip the IDSI statute of its overriding meaning as logic, common understanding and unquestionably legislative intent would have it applied. The meaning ascribed to sexual contact by os (mouth) can only be ignored if the tongue used in licking is not construed to be an internal part of the mouth, and is not construed to be oral sex in its most specific aspect. The term "mouth" is defined as the cavity "bounded externally by the lips and internally by the pharynx that encloses in a typical vertebrate the tongue, gums and teeth." Webster's Medical Desk Dictionary (1986); Webster's Tenth New Collegiate Dictionary (1993) (Emphasis added).  To follow explicitly the requirement of penetration in permitting penetration to be lip contact (a kiss) with the sexual organ of another person, the lip being the external part of the mouth, while not permitting

tongue contact with the sexual organ of another person, when the tongue is an internal part of the mouth, rises to the level of speciousness. Penetration as used in the statute is to assure explicit and indisputable contact between sexual organs and/or the mouth or anus of the parties. **As intended by its meaning from time immemorial, any involuntary contact by the mouth, including the tongue as well as the lips, must meet the test of involuntary deviate sexual intercourse when used in the manner described here**.

***Commonwealth v. L.N.***, 787 A.2d at 1070–71 (emphases added).

As outlined *supra*, Victim testified unequivocally that Appellant licked her anus during the ordeal. ***See*** N.T. Jury Trial (Day 1), 9/6/23, at 57, 59 (answering, "Yes" to whether Appellant's "mouth and his tongue [were] licking [her] anus?"). Thus, in the identical manner that the assailant in ***L.N.*** performed the penetration element of IDSI by licking his victim's penis, the Commonwealth established penetration in the case *sub judice* by presenting evidence of physical contact between Appellant's mouth or tongue and Victim's anus.

We similarly reject Appellant's contention that the IDSI conviction could not be predicated on the lingual penetration of Victim's anus because "at no point prior to the verdict being rendered did the Commonwealth allege that penetration of the victim's anus via tongue served as the factual basis for any of the charged offenses." Appellant's brief at 21. This argument is based on the fact that the Commonwealth did not mention this aspect of Appellant's sexual assault in its opening and closing statements and did not request the trial court to reference it in providing the jury the standard suggested

instruction defining IDSI as outlined in Pa.SSJI (Crim), § 15.3123A. Appellant posits that, absent Commonwealth's argument alleging anilingus or an instruction referencing that behavior, the jury could not have rendered a guilty verdict predicated on Appellant's penetration of Victim's anus with his tongue. Appellant's brief at 23-24. This argument endorses a conclusion not warranted by the law.

Foremost, it is beyond peradventure that trial argument is not evidence. *See Commonwealth v. Page*, 965 A.2d 1212, 1223 (Pa.Super. 2009). Similarly, while the jury is presumed to have followed the trial court's jury instruction defining IDSI, that instruction served only to explain the elements of the offense and guide the jury's application of law to facts. It remained for the jury to determine the facts and draw its own conclusions from the evidence that the Commonwealth presented at trial, including Victim's testimony that Appellant licked her anus. N.T. Jury Trial (Day 1), 9/6/23, at 57. Appellant's argument to the contrary finds no purchase here.

In addition, we observe that the Commonwealth charged Appellant with IDSI without reference to specific facts. Pursuant to Pa.R.Crim.P. 560(D), "In all court cases tried on an information, the issues at trial shall be defined by such information." Moreover, Rule 560 provides that the information "shall be valid in sufficient in law if it contains[,]" *inter alia*, "a plain and concise statement of the essential elements of the offense substantially the same as or cognate to the offense alleged in the complaint[.]" Pa.R.Crim.P. 560(B)(5).

Instantly, the information outlined the IDSI offense, broadly, as Appellant "[d]id engage in deviate sexual intercourse with another by forcible compulsion." Criminal Information, 10/1/22 at Count 4. The affidavit of probable cause attached to the criminal complaint highlighted that Victim informed the affiant that Appellant "ate her ass out" during the sexual assault. Criminal Complaint, 7/21/22, Affidavit of Probable Cause at 2. During the trial, the Commonwealth adduced evidence to prove that allegation by eliciting evidence that Appellant licked her anus, and the jury convicted Appellant of IDSI. N.T. Jury Trial (Day 1), 9/6/23, at 57. As the Commonwealth accurately highlights, "speculating about the jury's reasoning for its verdict" is inappropriate. Commonwealth's brief at 5.

Applying the appropriate *de novo* review, we hold that the trial court did not err in failing to merge rape and IDSI for the purpose of sentencing. Appellant was properly sentenced for rape based upon the criminal act of inserting his penis into Victim's anus, and for IDSI for the second criminal act of licking her anus. Merger does not apply in these circumstances.

Having confirmed two distinct criminal acts, we next address Appellant's contention that he was illegally sentenced on both sexual assault convictions because one sexual assault merges with rape and the other merged with IDSI. **See** Appellant's brief at 25-28. The Commonwealth concedes that relief is due, and we must agree. **See** Commonwealth brief at 12-13. Sexual assault is defined as "Except as provided in [§] 3121 (relating to rape) or 3123

(relating to [IDSI]), a person commits a felony of the second degree when that person engages in sexual intercourse or deviate sexual intercourse with a complainant without the complainant's consent." 18 Pa.C.S. § 3124.1. Our Supreme Court has held that sexual assault is a lesser-included offense of both rape and IDSI by forcible compulsion. *See Buffington*, 828 A.2d 1024, 1032 (Pa. 2003). Consequently, we vacate the sentences the trial court imposed on the two sexual assault convictions, identified in Count Five and Count Six of the information, because they flowed from the same criminal acts as the rape and IDSI, respectively.

Judgment of sentence vacated as to the two counts of sexual assault and affirmed in all other respects. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 01/08/2026